IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JUAN PEREZ,

    Plaintiff,

    v.

COBB COUNTY, COBB COUNTY
POLICE DEPARTMENT, and
THOMAS BASTIS,

    Defendants.

CIVIL ACTION FILE

NO. 1:16-cv-00902-SCJ

## DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT AND SUPPORTING BRIEF

| | George M. Weaver | 743150 |
|---|---|---|

HOLLBERG & WEAVER, LLP
2921 Piedmont Road, N.E., Suite C
Atlanta, Georgia 30305
(404) 760-1116
gweaver@hw-law.com

| | Deborah L. Dance | 203765 |
|---|---|---|
| | H. William Rowling, Jr. | 617225 |
| | Austin D. Roberson | 850334 |

Cobb County Attorney's Office
100 Cherokee Street, Suite 350
Marietta, Georgia 30090
(770) 528-4000
ddance@cobbcounty.org
browling@cobbcounty.org
austin.roberson@cobbcounty.org

Attorneys for Defendants Cobb County, Georgia, Cobb County Police Department, and Tom Bastis

# TABLE OF CONTENTS

DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT .................................................................................1

BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT..................................................1

I.   INTRODUCTION ...............................................................................1

II.  THE COBB COUNTY POLICE DEPARTMENT IS NOT A SUABLE ENTITY...........................................................................................3

III. PEREZ HAS NOT ADEQUATELY ALLEGED THAT COBB COUNTY IS LIABLE UNDER § 1983 BASED ON A DEFECTIVE POLICY OR ACTIONS OF A POLICYMAKER....................................................6

IV.  PEREZ HAS FAILED ADEQUATELY TO ALLEGE THAT INSUFFICIENT TRAINING OF BASTIS BY COBB COUNTY PROXIMATELY CAUSED A VIOLATION OF HIS RIGHTS. ........................................................12

V.   PEREZ'S STATE LAW CLAIM AGAINST COBB COUNTY IS BARRED BY THE COUNTY'S SOVEREIGN IMMUNITY..........................................14

VI.  PEREZ'S ARREST CLAIM BROUGHT UNDER § 1983 IS BARRED BY THE APPLICABLE STATUTE OF LIMITATIONS. ....................................16

VII. PEREZ'S CLAIMS ARE ALSO BARRED TO THE EXTENT THEY ARE BASED ON ALLEGEDLY FALSE TESTIMONY; THIS PRECLUDES CLAIMS FOR MALICIOUS PROSECUTION. ..............................................17

VIII. THE CLAIM FOR PUNITIVE DAMAGES AGAINST COBB COUNTY IS ALSO BARRED FOR OTHER REASONS....................................................19

IX.  PEREZ LACKS STANDING TO SEEK DECLARATORY RELIEF. ..........19

X.   CONCLUSION ...............................................................................21

CERTIFICATE OF SERVICE ..................................................................1

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JUAN PEREZ,

    Plaintiff,

    v.

COBB COUNTY, COBB COUNTY
POLICE DEPARTMENT, and
THOMAS BASTIS,

    Defendants.

CIVIL ACTION FILE

NO. 1:16-cv-00902-SCJ

**DEFENDANTS' MOTION TO DISMISS
PLAINTIFF'S FIRST AMENDED COMPLAINT**

    All Defendants move the Court, under Fed. R. Civ. P. 12(b)(6), to dismiss the first amended complaint (Doc. 5) on the ground that it fails to state a claim against them upon which relief can be granted.  This motion is based upon the attached brief and the record.

                                      Respectfully Submitted,

                                       s/ George M. Weaver
                                     George M. Weaver        743150

HOLLBERG & WEAVER, LLP
2921 Piedmont Road, N.E., Suite C
Atlanta, Georgia 30305
(404) 760-1116
gweaver@hw-law.com

- 1 -

Deborah L. Dance        203765
H. William Rowling, Jr.    617225
Austin D. Roberson      850334

Cobb County Attorney's Office
100 Cherokee Street, Suite 350
Marietta, Georgia 30090
(770) 528-4000
ddance@cobbcounty.org
browling@cobbcounty.org
austin.roberson@cobbcounty.org

Attorneys for Defendants Cobb County, Georgia, Cobb County Police Department, and Tom Bastis

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JUAN PEREZ,<br><br>    Plaintiff,<br><br>    v.<br><br>COBB COUNTY, COBB COUNTY<br>POLICE DEPARTMENT, and<br>THOMAS BASTIS,<br><br>    Defendants. | CIVIL ACTION FILE<br><br>NO. 1:16-cv-00902-SCJ |

**BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO
DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

## I.    INTRODUCTION

Plaintiff Juan Perez alleges that in 2014 he was arrested and prosecuted in violation of his federal and state rights. However, his claims should be dismissed under Fed. R. Civ. P. 12(b)(6).

The Cobb County Police Department is not a suable entity. Perez's federal claims against Cobb County are subject to dismissal due to the failure adequately to plead any defective policy authorized by the County. Any claim against the County based on inadequate training is barred for similar reasons. The claims against the County under state law are barred by its sovereign immunity. Moreover, all claims based on the arrest of Perez are barred by the applicable

statute of limitations.  And the claims against Bastis for malicious prosecution are barred by his witness immunity.  The County is not subject to punitive damages. In addition, Perez lacks standing to seek a declaratory judgment.

On a motion to dismiss, the Court "must accept as true all of the factual allegations contained in the complaint."  Swierkiewicz v. Sorema, 534 U.S. 506, 508 n.1 (2002); United States v. Gaubert, 499 U.S. 315, 327 (1991) (same).

Plaintiff appears to assert the following claims in his amended complaint:

1. Under § 1983, for arrest in violation of the Fourth and Fourteenth Amendments (Doc. 5, Count I);

2. Malicious prosecution, although the amended complaint does not clearly state the legal basis of this claim (Doc. 5, Count II); and

3. Punitive damages (Doc. 5, Count III).

Perez apparently asserts each of these claims against all Defendants.  (Doc. 5).  He seeks relief in the form of damages and declaratory judgment.  As shown below, these claims are, on multiple grounds, subject to dismissal for failure to state claims upon which relief can be granted.

The Supreme Court has held that in order to state a claim, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007).  In other words, a complaint must make "allegations plausibly suggesting" the elements of a claim.

The mere "possibility" of a claim is insufficient. Id.  Citing Twombly, the Court explained further in Ashcroft v. Iqbal, 556 U.S. 662 (2009) that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' "  The Court continued: "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  According to the Court, this requires more "than a sheer possibility that a defendant has acted unlawfully." Id. at 678.

## II.  THE COBB COUNTY POLICE DEPARTMENT IS NOT A SUABLE ENTITY.

Plaintiff has sued Cobb County and Thomas Bastis, a detective employed by the County in its Police Department.  Perez has also named the Cobb County Police Department as an additional Defendant in his original complaint.  (Doc. 1 ¶ 5).  In his amended complaint, Perez does not name the Police Department as a Defendant.  (Doc. 5).  But Perez is not allowed to drop a party without a court order.  Fed. R. Civ. P. 21; Fritz v. American Home Shield Corp., 751 F.2d 1152, 1154 (11th Cir. 1985) ("the district court generally has discretion to determine whether to allow dropping of parties").

The Police Department is not a suable entity that may be sued separately from the County.  It should therefore be dismissed, as Perez seems to acknowledge.

Under Fed. R. Civ. P. 17(b), the capacity to sue or be sued is generally determined by state law. And under Georgia law, every suit must be brought against an individual or legally cognizable entity. Underwriters at Lloyd's, London v. Strickland, 99 Ga. App. 89 (1959):

> Every suit must be prosecuted in the name of some person, either natural or artificial, and must be prosecuted against some person, either natural or artificial. Where the suit is not prosecuted in the name of or against a natural person but in the name of or against a legal entity which either imports a corporation or a partnership, the failure to allege that the party in question is either a corporation or a partnership is an amendable defect. However, where the suit is brought in the name of or against a party which is neither a natural or artificial person or a quasi artificial person, such as a partnership, it is a nullity.

Id. at 90 (citations omitted). *See also* Mauldin v. Stogner, 75 Ga. App. 663, 663 (1947) ("In every suit in this State there must be a legal entity as the real plaintiff and the real defendant, either a natural person, an artificial person, such as a corporation, or a quasi-artificial person, such as a partnership.").

Georgia law does not support the conclusion that the police department or sheriff's office of a city or county are suable entities. *See generally* Valades v. Uslu, 301 Ga. App. 885, 886 (2009) ("The Valadeses also sued the Fulton County Police Department. The trial court determined that the Department was not an entity capable of being sued, and the Valadeses do not appeal this ruling."); Brownlee v. Dalton Bd. of Water, Light & Sinking-Fund Com'rs, 59 Ga. App. 538 (1939) (the "Board of Water, Light & Sinking Fund Commissioners" of the City of

Dalton "is not a separate and distinct corporate entity from the city, and is not subject to suit by any one for damages").

Moreover, this Court has recognized that the police department of a Georgia city is not a suable entity. Judge Hall dismissed the City of Atlanta Police Department in Shelby v. City of Atlanta, 578 F. Supp. 1368 (N.D. Ga. 1984). The Court held:

> Plaintiff cannot state a claim against the City of Atlanta Police Department because the Department is not a proper party defendant. The Department is an integral part of the City of Atlanta government and is merely the vehicle through which the City government fulfills its policing functions. For this reason the Department is not an entity subject to suit and plaintiff's claim against it is hereby dismissed.

Id. at 1370.

Perez does not plead any grounds to support the conclusion that the Cobb County Police Department is an entity that exists separately from Cobb County. Nor does he plead any basis to conclude that the Police Department is a suable entity. This Defendant should therefore be dismissed. Obviously, having sued Cobb County itself, there is no reason for Perez to have also named a county law enforcement agency as a separate Defendant.

### III.  PEREZ HAS NOT ADEQUATELY ALLEGED THAT COBB COUNTY IS LIABLE UNDER § 1983 BASED ON A DEFECTIVE POLICY OR ACTIONS OF A POLICYMAKER.

Perez sues Cobb County under 42 U.S.C. § 1983.  However, he has not adequately alleged that a defective policy for which the County or its officials are responsible proximately caused him to be unlawfully arrested and prosecuted.

Liability against an entity has been imposed under § 1983 only where the wrongdoing is authorized by a policy-making agent of the entity or the entity creates or implements a policy that causes the wrongdoing.  *See* Hill v. DeKalb Regional Youth Detention Center, 40 F.3d 1176, 1192 (11th Cir. 1994) (citation omitted), overruled in part on other grounds, Hope v. Pelzer, 536 U.S. 730 (2002).  But in order to impose liability in this manner, there must be an "authoriz[ed]" policy and conduct "pursuant to [that] policy."  Los Angeles v. Lyons, 461 U.S. 95, 106 n.7 (1983).

In its landmark decision in Monell v. Department of Social Services of City of New York, 436 U.S. 658 (1978), the Supreme Court held that a government entity may be held liable under § 1983 only if the conduct of its agents is pursuant to an "official" municipal policy.  Id. at 690.  *See also* Oklahoma City v. Tuttle, 471 U.S. 808, 816-17 (1985); McMillian v. Monroe County, Al., 520 U.S. 781, 783-85 (1997); Collins v. City of Harker Heights, Tx., 503 U.S. 115, 121 (1992) ("municipalities may not be held liable 'unless action pursuant to official

municipal policy of some nature caused a constitutional tort' "); <u>Pembaur v. City of Cincinnati</u>, 475 U.S. 469, 471, 478-80 (1986) (plurality opinion) (citation omitted).

The Supreme Court has held that the statutory language of § 1983 does not allow the imposition of municipal liability by respondeat superior, which is a variety of causation-in-fact. <u>Monell</u>, 436 U.S. at 690-95; <u>Tuttle</u>, 471 U.S. at 817-19; <u>Williams v. Bennett</u>, 689 F.2d 1370, 1389 (11th Cir. 1982), <u>cert.</u> <u>denied</u>, 464 U.S. 932 (1983) (holding that the plaintiff "must prove that each individual defendant proximately caused the unconstitutional conditions in the prison").

It is clear then that a municipality or government agency can be held responsible only for conduct which it authorizes by "official" policy.   Since <u>Monell</u>, the Court has reiterated this rule.   In <u>Tuttle</u>, the Court said: "<u>Monell</u> teaches that the city may only be held accountable if the deprivation was the result of municipal 'custom or policy.' "   471 U.S. at 817.   Moreover, the "official policy must be 'the moving force of the constitutional violation.' "   <u>Polk County v. Dodson</u>, 454 U.S. 312, 326 (1981), <i>quoting</i> <u>Monell</u>, 436 U.S. at 694.

In order to support § 1983 liability, a policy must be culpable and deliberate. <u>Owens v. City of Atlanta</u>, 780 F.2d 1564, 1567 (11th Cir. 1986) (holding that in order to result in § 1983 liability, a policy must contain a "fault element"); <u>Rizzo v. Goode</u>, 423 U.S. 362, 373-77 (1976) (only "deliberate policies" can subject

nonparticipating defendants to § 1983 liability); <u>Farred v. Hicks</u>, 915 F.2d 1530, 1532-33 (11th Cir. 1990).

The courts have also said that in order for a municipality or supervisor to be liable for the conduct of a subordinate pursuant to a policy, a § 1983 plaintiff must show there is "an authoriz[ed]" policy and conduct "pursuant to [that] policy." <u>Los Angeles v. Lyons</u>, 461 U.S. 95, 106 n.7 (1983). *See also* <u>Rizzo v. Goode</u>, 423 U.S. 362, 371 (1976) ("As the facts developed, there was no affirmative link between the occurrence of the various incidents of police misconduct and the adoption of any plan or policy by petitioners—express or otherwise—showing their authorization or approval of such misconduct.").

Perez has not sufficiently alleged that Cobb County is responsible for any defective policy that proximately caused him to be arrested or prosecuted for child molestation without probable cause. Perez nowhere alleges the content of any such policy. Rather, he alleges the following generalities:

1. a "wide-spread pattern and a permanent and well-settled practice of violating civil rights" (Doc. 5 ¶ 8);

2. the County "tacitly authorizes repeated constitutional violations or displays of deliberate indifference toward police misconduct, making its failure to correct constitutionally offensive actions the County's custom or policy" (Doc. 5 ¶ 9); and

3. Bastis' "conduct is the product of the County's unlawful customs, policies, and practices. Those customs, policies, and practices are evident from, among other things, repeated incidents where the County's agents, acting under color of law, intentionally deprive citizens of constitutional rights" (Doc. 5 ¶ 52).

Perez thus alleges non-specific, generic violations of unspecified constitutional rights of unknown persons. It appears that Perez is alleging that all Cobb County employees and officials violate all constitutional rights of every citizen on every possible occasion.

These allegations are conclusory and insufficient to satisfy <u>Iqbal</u> and <u>Twombly</u> pleading requirements. Perez does not allege that the County has created or implemented an identifiable defective policy that caused his arrest or prosecution for child molestation without probable cause.

And Perez alleges no facts to support the conclusion that Cobb County may be liable due to an informal defective policy or custom. Perez cites three other cases involving Cobb County but alleges no facts concerning these cases. Nor does he allege the outcome of any of them. He does not allege that in the facts giving rise to these cases or on any other occasion a police officer employed by the County caused any person to be arrested and prosecuted for child molestation without probable cause. (Doc. 5 ¶ 8).

In <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976), the Supreme Court held that in order to establish an informal policy or custom supporting § 1983 liability there must be a significant number of deprivations and there must be a "common thread running through them." <u>Id</u>. at 375.  The precise number of deprivations required for an informal policy depends on the case.  However, one incident or isolated incidents are never enough.  <u>Board of County Commissioners of Bryan County, Oklahoma, v. Jill Brown</u>, 520 U.S. 397 (1997) (holding that a single instance of inadequate employment screening of a deputy sheriff could not support § 1983 liability); <u>Tuttle</u>, 471 U.S. at 821-23 (plurality opinion) (municipal liability cannot be based on isolated misconduct of a subordinate); <u>id</u>. at 830-32 (Brennan, J., concurring)  (same); <u>Church v. City of Huntsville</u>, 30 F.3d 1332, 1345-46 (11th Cir. 1994) ("Even assuming that [incidents in which homeless were mistreated] amounted to constitutional violations, such isolated incidents can not support a finding that the plaintiffs demonstrated a substantial likelihood that a pervasive practice of constitutional violations now exists.")

Perez's amended complaint does not plead that any similar alleged constitutional deprivations have occurred in the past at the hands of Cobb County police officers.  Thus, Perez has not adequately pled an informal policy or custom attributable to the County.

In summary, Perez fails to plead either a formal or informal policy, i.e., custom, that satisfies the pleading standards set out in <u>Twombly</u> and <u>Iqbal</u>. Under those cases, something more than conclusory policy allegations are required in order to plead a sustainable claim against a county or city. These precedents require that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009). The Supreme Court has held that "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" <u>Twombly</u>, 550 U.S. at 555 (<i>quoting</i> <u>Papasan v. Allain</u>, 478 U.S. 265, 286 (1986)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." <u>Id</u>. (other citations omitted).

The Court cannot assume that Perez will be able to establish his claims by proving facts he has not alleged. Nor can the Court speculate that Cobb County has violated the law in ways that have not been alleged. Thus, Perez's speculative and conclusory allegation that Cobb County is liable for an unidentified defective policy or pattern of previous deprivations that proximately caused constitutional violations at the hands of Bastis is inadequate to plead a sustainable claim under § 1983.

As a result, Cobb County cannot be held liable under § 1983 for the alleged actions of Bastis.   Accordingly, Perez's claims against the County should be dismissed.

### IV. PEREZ HAS FAILED ADEQUATELY TO ALLEGE THAT INSUFFICIENT TRAINING OF BASTIS BY COBB COUNTY PROXIMATELY CAUSED A VIOLATION OF HIS RIGHTS.

In one paragraph of his amended complaint, Perez mentions the training of Bastis.  Perez alleges that "the need for more or different training is so obvious" that "that the County can reasonably be said to have been deliberately indifferent to the need."  The amended complaint asserts, as a result, "The County is liable for violating § 1983."  (Doc. 5 ¶ 51).  But, as with respect to his above-discussed policy allegations, these training allegations are insufficient to state a viable claim against the County for constitutionally defective practices.

Although deficiencies may be present, only deliberate indifference in training or supervision may result in civil rights liability. In City of Canton v. Harris, 489 U.S. 378 (1989), the Supreme Court explained that mere negligence in training or supervision is insufficient to support § 1983 liability: "We hold today that the inadequacy of police training may serve as the basis for § 1983 liability only where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact." Id. at 388–89.

Perez does not identify any training Cobb County should have provided to Bastis that might have prevented his allegedly unlawful arrest and prosecution of Perez. For instance, he does not allege that Bastis lacked state-mandated training. O.C.G.A. §§35-8-1, et seq. Generally, state required training is sufficient to defeat any § 1983 claim based on inadequate training. *See* Cannon v. Taylor, 782 F.2d 947, 951 (11th Cir. 1986) (holding, under less stringent standard of "gross negligence," Columbus, Georgia police officer who caused a death was adequately trained and supervised inasmuch as he "received the standard police academy training on operating his vehicle and on applicable state laws"); Colburn v. Upper Darby Twp., 946 F.2d 1017, 1028 (3d Cir. 1991) (finding no deliberate indifference where police officers had completed state police academy course); Walker v. Norris, 917 F.2d 1449, 1457 (6th Cir. 1990) (holding that a prison guard who completed a three-week state academy course and received annual in-service training was adequately trained); Vine v. County of Ingham, 884 F. Supp. 1153, 1159 (W.D. Mich. 1995).

As with respect to his defective policy allegations, Perez's training allegations are mere conclusions, without any factual support. Defendants have discussed above the principle that "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.' " Twombly, 550 U.S. at 555 (citations

omitted).   Adequate pleading "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Id.

Perez's speculative and conclusory allegation that Cobb County is liable for deficient training of Bastis should be dismissed as inadequate to support a § 1983 claim based on deliberate indifference in training.

## V. PEREZ'S STATE LAW CLAIM AGAINST COBB COUNTY IS BARRED BY THE COUNTY'S SOVEREIGN IMMUNITY.

Perez apparently pleads a state law claim for malicious prosecution against Cobb County.  He alleges that he served an ante litem notice on the County and that the Court has "supplemental jurisdiction over Mr. Perez's state-law claims under 28 U.S.C. § 1367."  (Doc. 5 ¶¶ 5, 6).  And, without identifying the source of the right, Perez pleads a claim for malicious prosecution against all Defendants. (Doc. 5, Count II).

Perez's claim under Georgia law against Cobb County is barred by the County's state law sovereign immunity.  Counties are included in the "the state and all of its departments and agencies" language of Ga. Const., Art. I, § II, ¶ IX(d, e), which codifies the state's sovereign immunity.  In Woodard v. Laurens County, 265 Ga. 404 (1995), the Georgia Supreme Court affirmed the sovereign immunity of counties and upheld summary judgment to Laurens County and several of its officials and employees against the plaintiffs' tort claims.  Id. at 406.  *See also* Gilbert v. Richardson, 264 Ga. 744, 746-48 (1994); Kordares v. Gwinnett County,

220 Ga. App. 848, 851 (1996); <u>Canfield v. Cook County</u>, 213 Ga. App. 625, 625-26 (1994).

Perez does not state in his amended complaint that he names Bastis in his official capacity.  (Doc. 5 ¶ 4).  If Perez intended that result, the claim would likewise be barred by the County's sovereign immunity.  <u>Bd. of Com'rs of Glynn County v. Johnson</u>, 311 Ga. App. 867, 868 (2011) ("A suit against members of a county board of commissioners in their official capacities is tantamount to a suit against the county itself."); <u>Columbia County v. Branton</u>, 304 Ga. App. 149, 152 (2010) (suit against sheriff was "tantamount to a suit against the county").[1]

Therefore, Cobb County is protected by sovereign immunity from any state law claim pled by Perez.  The same is true for any state law claim that Perez intended to plead against Bastis in his official capacity.

---

[1]For federal law purposes, a suit against an official or employee in his official capacity is also a suit against the entity he represents.  *See* <u>Hafer v. Melo</u>, 502 U.S. 21, 25 (1991) ("official-capacity suits 'generally represent only another way of pleading an action against an entity of which an officer is an agent' ") (citations omitted); <u>Brandon v. Holt</u>, 469 U.S. 464, 471-73 (1985); <u>Kentucky v. Graham</u>, 473 U.S. 159, 165-68 (1985).  Thus, if Perez intends a federal law claim against Bastis in his official capacity, such a claim would be barred on the grounds discussed elsewhere in this brief.

## VI.  PEREZ'S ARREST CLAIM BROUGHT UNDER § 1983 IS BARRED BY THE APPLICABLE STATUTE OF LIMITATIONS.

Perez alleges that he was arrested in violation of the Fourth and Fourteenth Amendments.  This claim is brought under 42 U.S.C. § 1983.  But the claim is barred by the applicable two year statute of limitations.

In Georgia, the statute of limitations for § 1983 claims is two years.  Under Supreme Court authority, the two year Georgia statute of limitations governing personal injury claims, O.C.G.A. § 9-3-33, is borrowed.  Wilson v. Garcia, 471 U.S. 261, 276-79 (1985), rev'd in part on other grounds, Jones v. R.R. Donnelley & Sons Co., 541 U.S. 369 (2004); Wallace v. Kato, 549 U.S. 384, 387-88 (2007); Owens v. Okure, 488 U.S. 235, 249-50 (1989).  The applicability of this Georgia provision has been recognized by the Eleventh Circuit.  Kelly v. Serna, 87 F.3d 1235, 1238 (11th Cir. 1996); Mullinax. v. McElhenney, 817 F.2d 711, 716 (11th Cir. 1987); see also Baker v. Birmingham Bd. of Educ., 531 F.3d 1336, 1337-1338 (11th Cir. 2008).  Although the length of the limitations period is governed by state law, "[a]ccrual of a cause of action under 42 U.S.C. § 1983 is a question of federal law."  Kelly, 87 F.3d at 1238-39; see also Wallace, 549 U.S. at 388.

A claim under § 1983 for an arrest in violation of the Fourth Amendment accrues at the time a person is arrested under legal process.  In Wallace, the Supreme Court held:

> We hold that the statute of limitations upon a § 1983 claim seeking

- 16 -

damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process. Since in the present case this occurred (with appropriate tolling for the plaintiff's minority) more than two years before the complaint was filed, the suit was out of time.

549 U.S. at 397.

The claim in the present case for arrest in violation of the Fourth Amendment is barred because Perez was arrested under a warrant more than two years before he filed suit. According to the amended complaint, an arrest warrant was issued. Then Perez was arrested on February 4, 2014 and held for 27 days. A probable cause hearing was held March 4, 2014 and he was subsequently released that day on his own recognizance, after the Cobb County magistrate court had found probable cause and set bond. (Doc. 5 ¶¶ 1, 32, 33, 37, 39, 42).

Perez filed this suit March 21, 2016 (Doc. 1), more than two years after he was arrested "because of legal process." Wallace, 549 U.S. at 397. As a result, Perez's Fourth Amendment arrest claim is barred by the applicable two year statute of limitations.

## VII.  PEREZ'S CLAIMS ARE ALSO BARRED TO THE EXTENT THEY ARE BASED ON ALLEGEDLY FALSE TESTIMONY; THIS PRECLUDES CLAIMS FOR MALICIOUS PROSECUTION.

At several places in his amended complaint, Perez bases his claims on allegedly false testimony given in court and to grand juries by Detective Bastis. (Doc. 5 ¶¶ 1, 39-43).  To the extent Perez's claims are based on allegedly false

testimony, they are barred by the doctrine of witness immunity.  According to the amended complaint, Bastis did nothing during the two year limitations period that affected Perez's rights other than testifying before two Cobb County grand juries. (Doc. 5 ¶¶ 39-43, 45).

It is well settled that testimony, even if it is alleged to be false, cannot be the basis for a tort or § 1983 claim.  In Briscoe v. LaHue, 460 U.S. 325 (1983), the Supreme Court held that a police officer sued under § 1983 is entitled to "absolute witness immunity" even for allegedly false testimony.  Id. at 345.  Affirming the Eleventh Circuit in a later case, the Court extended this immunity to grand jury testimony.  Rehberg v. Paulk, 132 S. Ct. 1497, 1506 (2012) ("a grand jury witness has absolute immunity from any §1983 claim based on the witness' testimony").  Georgia courts have followed the same rule.  Williams v. Dykes, 170 Ga. App. 665, 666 (1984) ("A witness in a criminal trial is entitled to immunity from liability in a civil rights action based upon his trial testimony.") (citing Briscoe).

Therefore, to the extent that Perez bases his claims on allegedly false testimony, his claims are barred.  This precludes his claims based on Bastis' testimony to the magistrate court and his testimony before grand juries.  Because, according to the amended complaint, the only actions by Bastis during the two year limitations period (preceding the filing of this suit) that could be considered

malicious prosecution were testifying before two Cobb County grand juries, Perez's claims for malicious prosecution are barred.

## VIII.  THE CLAIM FOR PUNITIVE DAMAGES AGAINST COBB COUNTY IS ALSO BARRED FOR OTHER REASONS.

Perez seeks punitive damages against all Defendants.  (Doc. 5, Count III). This claim is barred by both federal and state law to the extent it is lodged against Cobb County.

One cannot recover punitive damages against a governmental unit under either federal or Georgia law.  *See generally* City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 271 (1981) ("a municipality is immune from punitive damages under 42 U.S.C. § 1983"); Georgia Ports Authority v. Hutchinson, 209 Ga. App. 726, 730 (1993) ("A punitive damage award against a governmental entity or arm of the State violates public policy because it burdens the very citizens for whose benefit the wrongdoer is being chastised.").  Thus, for this cumulative reason, Perez's punitive damages claim against Cobb County is subject to dismissal.

## IX.  PEREZ LACKS STANDING TO SEEK DECLARATORY RELIEF.

Perez asks for a declaratory judgment.  (Doc. 5 ¶ 6).  But he does not have standing for this form of relief.

In order to obtain an injunction or declaratory judgment, a plaintiff must allege facts showing a substantial likelihood of future injury.  The Eleventh Circuit has held: "In order to demonstrate that a case or controversy exists to meet the

Article III standing requirement when a plaintiff is seeking injunctive or declaratory relief, a plaintiff must allege facts from which it appears there is a substantial likelihood that he will suffer injury in the future." Malowney v. Federal Collection Deposit Group, 193 F.3d 1342, 1346-1347 (11th Cir. 1999) (citations omitted).  In Malowney, the court cited City of Los Angeles v. Lyons, 461 U.S. 95 (1983), in which the Supreme Court held that a plaintiff seeking federal injunctive or declaratory relief must show a realistic threat of future injury.  Id. at 101-04 (citations omitted).  The Court emphasized that " '[p]ast exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present adverse effects.' " Id. at 102.  And, according to the Court, the plaintiff's "assertion that he may again be subject to an illegal chokehold does not create the actual controversy that must exist for a declaratory judgment to be entered." Id. at 104.

Perez has alleged no facts indicating that he is likely to be arrested and prosecuted again in Cobb County for child molestation.  Thus, he lacks standing to seek declaratory relief.

## X.   CONCLUSION

For these reasons, the Court should grant Defendants' motion to dismiss all claims.[2]

Respectfully Submitted,

s/ George M. Weaver

George M. Weaver                                 743150

HOLLBERG & WEAVER, LLP
2921 Piedmont Road, N.E., Suite C
Atlanta, Georgia 30305
(404) 760-1116
gweaver@hw-law.com

Deborah L. Dance                                 203765
H. William Rowling, Jr.                          617225
Austin D. Roberson                               850334

Cobb County Attorney's Office
100 Cherokee Street, Suite 350
Marietta, Georgia 30090
(770) 528-4000
ddance@cobbcounty.org
browling@cobbcounty.org
austin.roberson@cobbcounty.org

Attorneys for Defendants Cobb County, Georgia, Cobb County Police Department, and Tom Bastis

---

[2]This document has been prepared in Times New Roman (14 pt.) font, which has been approved by the Local Rules of this Court.

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JUAN PEREZ,

    Plaintiff,

    v.

COBB COUNTY, COBB COUNTY
POLICE DEPARTMENT, and
THOMAS BASTIS,

    Defendants.

CIVIL ACTION FILE

NO. 1:16-cv-00902-SCJ

## CERTIFICATE OF SERVICE

I hereby certify that I have this day electronically filed the foregoing DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT AND SUPPORTING BRIEF with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

> Kenneth B. Hodges III, Esq.
> Andre T. Tennille III, Esq.
> KEN HODGES LAW LLC
> 2719 Buford Highway, N.E.
> Atlanta, Georgia 30324

- 1 -

H. Maddox Kilgore, Esq.
Carlos J. Rodriguez, Esq.
KILGORE & RODRIGUEZ LLC
36 Ayers Avenue
Marietta, Georgia 30060

This 28th day of April, 2016.


s/ George M. Weaver
George M. Weaver                        743150

HOLLBERG & WEAVER, LLP
2921 Piedmont Road, N.E., Suite C
Atlanta, Georgia 30305
(404) 760-1116
gweaver@hw-law.com                      Attorneys for Defendants Cobb County,
                                        Georgia, Cobb County Police Department,
                                        and Tom Bastis

- 2 -