UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JUAN PEREZ, | |
| Plaintiff, | |
| v. | Civil Action No. 1:16-cv-00902-SCJ |
| COBB COUNTY and THOMAS BASTIS, in his individual and official capacities, | |
| Defendants. | |

## PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

H. Maddox Kilgore
Carlos J. Rodriguez
KILGORE & RODRIGUEZ LLC
36 Ayers Avenue
Marietta, Georgia 30060
(770) 693-4638

Kenneth B. Hodges III
Andre T. Tennille III
KEN HODGES LAW
2719 Buford Highway, N.E.
Atlanta, Georgia 30324
(404) 692-0488

*Counsel for Juan Perez*

# TABLE OF CONTENTS

**Pages**

TABLE OF CONTENTS.........................................................................................ii

INTRODUCTION ................................................................................................. 1

FACTUAL BACKGROUND................................................................................ 3

    Detective Largent finds "insufficient evidence," "bizarre" allegations. ............ 4

    Detective Bastis fabricates a case against Mr. Perez......................................... 5

    The grand jury refuses to indict Mr. Perez. ...................................................... 8

    County Commissioner says police misconduct is "protocol and prevalent.".....9

ARGUMENT ...................................................................................................... 10

    I.   Mr. Perez states claims for malicious prosecution under § 1983 and
        Georgia law because the County and Detective Bastis prosecuted him
        for a crime he never committed by fabricating evidence.......................... 10

        A.   Detective Bastis's false testimony isn't the only ground for malicious
            prosecution; he fabricated other evidence, too. ................................. 11

        B.   Eleventh Circuit decisions confirm that Mr. Perez states claims for
            malicious prosecution under § 1983.................................................. 12

    II.  The County is liable under § 1983 because its malicious prosecution of
        Mr. Perez is the product of its custom of violating civil rights.................. 12

        A.   Mr. Perez sufficiently alleges that the County's customary civil rights
            violations are the moving force behind his malicious prosecution .... 13

        B.   Eleventh Circuit decisions preclude dismissal of Mr. Perez's claims
            against the County. ........................................................................... 15

        C.   Sovereign immunity does not apply to § 1983 claims. ...................... 17

    CONCLUSION...................................................................................... 18

## INTRODUCTION

This case is about responsibility. It's a malicious-prosecution case: Cobb County and Detective Thomas Bastis fabricated evidence to prosecute Juan Perez for a crime he never committed.

To narrow the issues, Mr. Perez concedes that the County Police Department is not subject to suit here. He concedes that the County is immune from punitive damages under 42 U.S.C. § 1983. And he will drop his declaratory-judgment claims. The Motion, then, presents just two issues:

- **Malicious prosecution.** To state a claim for malicious prosecution under § 1983 and Georgia law, one need only allege a malicious prosecution and a Fourth Amendment violation. Here, Detective Bastis suppressed exculpatory evidence, disregarded a seasoned detective's findings of "insufficient evidence," and falsified evidence to prosecute Mr. Perez. The grand jury refused to indict Mr. Perez. Does he state a malicious-prosecution claim?

- **Municipal liability.** Counties are liable under § 1983 for constitutional violations caused by informal customs. Based on a series of other incidents—including one where the police harassed a County Commis-

sioner—Mr. Perez alleges that the County's tacit authorization of constitutional violations or deliberate indifference to police misconduct caused him to be maliciously prosecuted for a crime he never committed. Does he state a § 1983 claim against the County?

Mr. Perez states malicious-prosecution claims under § 1983 and Georgia law. For one thing, he alleges detailed facts plausibly showing malicious prosecution: Detective Bastis falsified evidence to have him prosecuted, causing him to be incarcerated for 27 days and then leaving him homeless for six months until the case was dismissed. For another, this kind of malicious prosecution is a Fourth Amendment violation.[1]

Under the County and Detective Bastis's approach, however, the courthouse doors are open to them for pursuing malicious prosecutions, but their victims are denied access to justice. That's profoundly unfair. And that approach foils any hope for a "just … determination" here.[2]

---

[1] *Grider v. City of Auburn*, 618 F.3d 1240, 1256 (11th Cir. 2010) ("This Circuit 'has identified malicious prosecution as a violation of the Fourth Amendment and a viable constitutional tort cognizable under § 1983.'" (quoting *Wood v. Kesler*, 323 F.3d 872, 881 (11th Cir. 2003))).

[2] *Compare* Fed. R. Civ. P. 1 (directing the Court to construe the rules "to secure the just … determination of every action").

In any event, the County is liable under § 1983 because its tacit authorization of repeated constitutional violations amounts to a custom that was the moving force behind its malicious prosecution of Mr. Perez. And given Detective Bastis's misconduct—falsifying evidence, suppressing exculpatory evidence, and so on—the need for more or different training and supervision is so obvious that the County's failure to provide it amounts to deliberate indifference.

Because Mr. Perez states viable claims against the County and Detective Bastis, and because no immunities insulate them from suit here, the Court should deny the Motion.

## FACTUAL BACKGROUND

> "There is insufficient evidence to take legal
>  action in this case …."
>  —Detective Carol Largent[3]

Mr. Perez's ordeal arose amid a bitter custody–visitation dispute with his exwife, Amanda Perez, over the couple's then four-year-old daughter, GP.[4] The couple was going through what one witness described as "a nasty divorce," and at some point, Ms. Perez concocted a scheme to keep Mr. Perez from his daughter.[5] At its

---

[3] 1st Amended Compl. ¶ 39, April 1, 2016, No. 1:16-cv-00902-SCJ.

[4] *Id.* ¶¶ 1, 10.

[5] *Id.* ¶¶ 10, 19.

root were bizarre allegations of sexual abuse, which even Ms. Perez's sister called "ridiculous."[6]

Mr. Perez has never abused his daughter—much less sexually abused her—and he never would.[7]

**Detective Largent finds "insufficient evidence," "bizarre" allegations.** Ms. Perez's story eventually made it to Detective Largent, a seasoned detective in the County police's crimes against children unit, who opened an investigation.[8] She thoroughly investigated the case by

- conducting a forensic examination of GP, which revealed no evidence of sexual abuse;[9]

- reviewing sexual-assault-examination results (a physician concluded that GP had not been sexually assaulted);[10] and

- interviewing GP's psychologists and Mr. Perez, who waived his rights—twice.[11]

---

[6] *Id.* ¶¶ 10, 19, 20.

[7] *Id.* ¶ 11.

[8] *Id.* ¶ 12.

[9] *Id.*

[10] *Id.*

[11] *Id.* ¶¶ 12, 17, 18.

Detective Largent concluded that Ms. Perez's allegations were "bizarre" and found "no clear indication of sexual abuse."[12] The detective ultimately inactivated the case. Her reason: "There is insufficient evidence to take legal action in this case."[13]

Even after Detective Largent inactivated the case, Ms. Perez forced GP to continue seeing psychologists, who are required by law to report child abuse.[14] But over the next 16 months, GP continually denied any abuse, and her psychologists reported no abuse.[15] At the same time, GP told a psychologist that "she wants to see her father … that she misses him."[16]

**Detective Bastis fabricates a case against Mr. Perez.** Detective Largent eventually retired, and Detective Bastis—whom Ms. Perez came to know on a first-name basis—reactivated the case.[17] He retraced some of Detective Largent's steps, finding repeated denials of abuse.[18] He got denials even when he pressed GP for

---

[12] *Id.* ¶¶ 13, 17, 20, 39.

[13] *Id.* ¶¶ 13, 17, 20, 39.

[14] *Id.* ¶¶ 20–21; OCGA § 19-7-5.

[15] 1st Amended Compl. ¶¶ 21–22.

[16] *Id.*

[17] *Id.* ¶¶ 24–25, 31.

[18] *Id.* ¶¶ 27, 29–30, 32, 38.

testimony using an anatomical diagram (the show-me-where-he-touched-you routine).[19] So he manufactured a case against Mr. Perez by filing false police reports, suppressing exculpatory evidence, and giving false testimony.[20]

In one report, for example, Detective Bastis claimed that GP's only consistent statements to her psychologists were that she'd been abused.[21] He failed to mention that she specifically denied any abuse on at least six separate occasions.[22]

In sum, Detective Bastis had no physical evidence of abuse, no medical evidence of abuse, no eyewitnesses to any abuse, no admission or confession, and no report of abuse from GP's psychologists.[23] But he did have GP's repeated denials and Detective Largent's finding that there was no probable cause.[24] He also had Department of Family and Children Services reports finding no abuse.[25] And yet he hoodwinked a magistrate into issuing an arrest warrant for Mr. Perez.[26]

------

[19] *Id.* ¶ 38.

[20] *Id.* ¶¶ 27, 29–30, 32, 38–40.

[21] *Id.* ¶ 28.

[22] *Id.* ¶¶ 22, 28.

[23] *Id.* ¶¶ 32–33.

[24] *Id.* ¶ 33.

[25] *Id.* ¶ 32.

[26] *Id.* ¶ 33.

All the while, Mr. Perez had been in Chile, his home country, but was coming back to Georgia for a meeting with GP's psychologist.[27] He arrived in Georgia hoping to see his daughter. Instead, armed law enforcement agents greeted him at the airport by handcuffing him, taking him to jail, ordering him to undress, and strip-searching him.[28] They also told him he was being charged with sexually abusing his daughter.[29]

Mr. Perez spent the next 27 days in jail without bond.[30]

After Mr. Perez languished in jail for nearly a month, Detective Bastis was called to testify at a probable-cause hearing.[31] In what must have been a commanding performance, the detective took the stand and rattled off a slew of false statements.[32] For instance, he claimed that GP "consistent[ly]" told her psychologist that Mr. Perez abused her when, in fact, GP continually denied abuse.[33] He also evaded the court's questions about why Detective Largent inactivated the case—"insufficient

---

[27] *Id.* ¶ 34.

[28] *Id.* ¶ 34, 36.

[29] *Id.* ¶ 36.

[30] *Id.* ¶ 37.

[31] *Id.* ¶¶ 34, 39.

[32] *Id.* ¶ 39.

[33] *Id.*

evidence."[34] And he withheld the results of his interview with GP in which she disclosed no abuse.[35]

It should come as no surprise that the court found probable cause, relying specifically on Detective Bastis's false testimony.[36] The court released Mr. Perez on his own recognizance, signaling some doubts about the case against him, but ordered that he surrender his passport and have no contact with GP, effectively leaving him homeless for the next six months.[37]

**The grand jury refuses to indict Mr. Perez.** Detective Bastis testified again, this time before two grand juries.[38] Although the first grand jury issued an indictment based on the detective's false testimony, on August 28, 2014, the second grand jury rejected that testimony and refused to indict Mr. Perez.[39] Seven months after Mr. Perez was strip-searched and locked away in a cell, the superior court dismissed the original indictment.[40] Now, no charges are pending against Mr. Perez.[41]

---

[34] *Id.* ¶¶ 33, 39.

[35] *Id.* ¶¶ 38, 40.

[36] *Id.* ¶ 41.

[37] *See id.* ¶ 42.

[38] *Id.* ¶¶ 43, 45.

[39] *Id.* ¶¶ 43–45.

[40] *Id.* ¶¶ 34, 45–46.

[41] *Id.* ¶ 46.

**County Commissioner says police misconduct is "protocol and preva-lent."** Mr. Perez's ordeal is the product of the County police's persistent pattern and practice of violating civil rights.[42] The practice is so pervasive that at least one elected official has fallen victim to it.[43] After being harassed and intimidated by County police, the Commissioner concluded that police misconduct is "protocol and prevalent."[44]

On March 21, 2016, less than two years after the superior court dismissed the case against him, Mr. Perez sued the County and Detective Bastis, in his individual and official capacities, for malicious prosecution under § 1983 and Georgia law.[45] He amended his complaint, and the County and Detective Bastis responded with this Motion—an effort to evade responsibility.[46]

---

[42] *Id.* ¶¶ 8–9, 52–53. *See also Barnes v. Cobb Cnty.*, 1:14-cv-00948 (N.D. Ga. 2014); *Murdock v. Cobb Cnty.*, No. 1:12-cv-01743 (N.D. Ga. 2012); *Jordan v. Cobb Cnty.*, No. 1:99-cv-2837 (N.D. Ga. 1999).

[43] 1st Amended Compl. ¶ 9.

[44] *Id.*

[45] *See generally* Compl., Mar. 21, 2016, No. 1:16-cv-00902-SCJ; 42 U.S.C. § 1983 ("Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State …, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured ….").

[46] *See generally* 1st Amended Compl.

# ARGUMENT

If those facts are true—and the Court must assume that they are true—then Mr. Perez states malicious-prosecution claims against the County and Detective Bastis.[47] And no immunity—witness, sovereign, or otherwise—can save them here.

Indeed, to state a claim, Mr. Perez need only allege plausible grounds for inferring that he was maliciously prosecuted.[48] Plausibility is a low bar: a complaint "may proceed even if it strikes a savvy judge … 'that a recovery is very remote and unlikely.'"[49] Because Mr. Perez's amended complaint is brimming with facts supporting his claims, the Court should deny the Motion.

## I.    Mr. Perez states claims for malicious prosecution under § 1983 and Georgia law because the County and Detective Bastis maliciously prosecuted him for a crime he never committed.

The elements for malicious-prosecution claims under § 1983 and Georgia law are largely the same, except § 1983 claims also require a constitutional violation.[50]

---

[47] *See, e.g.*, *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009).

[48] *See, e.g.*, *Iqbal*, 556 U.S. at 663 ("'[D]etailed factual allegations' are not required, … but the Rule does call for sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face" (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007))).

[49] *Twombly*, 550 U.S. at 556 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

[50] *See, e.g.*, *Grider*, 618 F.3d at 1256 ("To establish a § 1983 malicious prosecution claim, the plaintiff must prove two things: (1) the elements of the common law tort

Mr. Perez alleges facts showing malicious prosecution: (1) the County and Detective Bastis, acting under color of law, prosecuted him for a crime; (2) they acted with malice and without probable cause; (3) the prosecution terminated in Mr. Perez's favor; and (4) he suffered damages.[51] Those facts also establish a Fourth Amendment violation.[52] So Mr. Perez states claims for malicious prosecution under § 1983 and Georgia law.

### A.    Detective Bastis's false testimony isn't the only ground for malicious prosecution; he fabricated other evidence, too.

Detective Bastis claims he has no responsibility here, attempting to invoke witness immunity. But witness immunity does not bar Mr. Perez's claims. To begin with, Mr. Perez alleges many other facts showing malicious prosecution—falsified police reports and suppressed exculpatory evidence to name just two. And although

---

of malicious prosecution; and (2) a violation of his Fourth Amendment Right to be free from unreasonable seizures.").

[51] *See, e.g.*, *id.* ("[T]he constituent elements of the common law tort of malicious prosecution are: '(1) a criminal prosecution instituted or continued by the present defendant; (2) with malice and without probable cause; (3) that terminated in the plaintiff accused's favor; and (4) caused damage to the plaintiff accused.'" (quoting *Wood*, 323 F.3d at 882)); OCGA § 51-7-40 ("A criminal prosecution which is carried on maliciously and without any probable cause and which causes damage to the person prosecuted shall give him a cause of action.").

[52] *See, e.g.*, *Grider*, 618 F.3d at 1258.

Detective Bastis's false testimony is more evidence of malice, it is not the only evidence. Because Mr. Perez's claims are premised on much more than that false testimony, witness immunity is no ground for dismissal.

### B. Eleventh Circuit decisions confirm that Mr. Perez states claims for malicious prosecution under § 1983.

Eleventh Circuit decisions confirm that Mr. Perez states viable claims here. Take *Grider v. City of Auburn*, for instance.[53] In that case, the Eleventh Circuit unanimously affirmed the District Court's denial of the police officer's summary-judgment motions. Like Detective Bastis, the officer there fabricated a charge against the plaintiff, lacked probable cause, and acted maliciously. That precluded summary judgment on the plaintiff's malicious-prosecution claims under § 1983 and state law. And according to the Eleventh Circuit, this type of § 1983 malicious-prosecution claim is "well established."[54] The same rationale precludes dismissal here.

## II. The County is liable under § 1983 because its malicious prosecution of Mr. Perez is the product of its custom of violating civil rights.

The County is liable under § 1983 because its malicious prosecution of Mr. Perez is the product of its permanent and well-settled practice of violating civil

---

[53] 618 F.3d 1240 (11th Cir. 2010).

[54] *Id.* at 1258.

rights. It is also liable because it tacitly authorizes or displays deliberate indifference to constitutional violations. And sovereign immunity does not apply to § 1983 claims.

> **A.** **Mr. Perez sufficiently alleges that the County's customary civil rights violations are the moving force behind his malicious prosecution.**

At least two bases exist to hold the County liable under § 1983. Both apply here.

First, the County may be liable under § 1983 based on a government "custom," even if not formally approved.[55] Unlike an official policy, which develops from a top-down decision of a policymaker, a custom develops, as it did here, from the bottom up.[56] So the County's liability derives "not from its creation of the custom, but from its tolerance of or acquiescence in it."[57] The County's argument about an "official policy" thus misses the mark.

---

[55] *See, e.g.*, *Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1308 (11th Cir. 2001) ("'[Section] 1983 liability may be imposed on a municipality based on 'governmental "custom" even though such a custom has not received formal approval through the body's official decisionmaking channels.'" (quoting *Floyd v. Waiters*, 133 F.3d 786, 795 (11th Cir. 1998))).

[56] *Britton v. Maloney*, 901 F. Supp. 444, 450 (D. Mass. 1995) (denying motion to dismiss).

[57] *Id.*

To plead a custom, Mr. Perez need only allege a "permanent and well settled" practice, which is precisely what he did here.[58] He also alleges that Detective Bastis's conduct is the product of the County's unlawful customs, which are evident from repeated incidents where the County police, acting under color of law, violate citizens' constitutional rights.[59]

Second, the County's tacit authorization of or deliberate indifference to police misconduct is another basis for liability under § 1983.[60] Mr. Perez also alleges that here.[61] More to the point, even a County Commissioner has described the County police's misconduct as "protocol and prevalent."[62] And that shows tacit authorization or, at a minimum, deliberate indifference.

---

[58] *Compare Griffin*, 261 F.3d at 1308 ("To prove § 1983 liability against a municipality based on custom, a plaintiff must establish a widespread practice that, 'although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a "custom or usage" with the force of law.'" (quoting *Brown v. City of Fort Lauderdale*, 923 F.2d 1474, 1481 (11th Cir. 1991))) *with* 1st Amended Compl. ¶ 8 ("The County has a permanent and well-settled practice of violating civil rights.").

[59] 1st Amended Compl. ¶¶ 8–9, 52.

[60] *Griffin*, 261 F.3d at 1308 ("[W]e have also held that a municipality's failure to correct the constitutionally offensive actions of its employees can rise to the level of a custom or policy 'if the municipality tacitly authorizes these actions or displays deliberate indifference towards the misconduct.'" (quoting *Brooks v. Scheib*, 813 F.2d 1191, 1193 (11th Cir. 1987))).

[61] 1st Amended Compl. ¶ 9.

[62] *Id.*

The County's inadequate training and supervision is another display of deliberate indifference.[63] Given Detective Bastis's actions—falsifying reports, suppressing exculpatory evidence, giving false testimony—"the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights," that the County "can reasonably be said to have been deliberately indifferent to the need."[64] The County's liability, then, is at least plausible.

### B.    Eleventh Circuit decisions preclude dismissal of Mr. Perez's § 1983 claims against the County.

Eleventh Circuit decisions support municipal liability here. For example, in *Griffin v. City of Opa-Locka*, the Eleventh Circuit upheld a jury's conclusion that the municipality had a policy or custom of ignoring or tolerating gross sexual harassment.[65] In that case, the city manager sexually harassed and raped another employee. Although the court found the verdict form defective on the rape issue, it did not foreclose the possibility that even rape could be a municipal custom giving rise to liability under § 1983.

---

[63] *Id.* ¶ 51; *Vineyard v. Cnty. of Murray*, 990 F.2d 1207, 1212 (11th Cir. 1993) (citing *City of Canton v. Harris*, 489 U.S. 378 (1989)).

[64] *Harris*, 489 U.S. at 390.

[65] 261 F.3d 1295, 1308–12 (11th Cir. 2001).

Surely, then, Mr. Perez's allegations that customary police misconduct was a moving force behind his malicious prosecution are plausible, if not probable.

Perhaps realizing its liability, the County resorts to hyperbole: "It appears that Perez is alleging that all Cobb County employees and officials violate all constitutional rights of every citizen on every possible occasion."[66] But nowhere in his complaint does Mr. Perez make such a sweeping claim. The County also claims that "one incident or isolated incidents are never enough."[67] That's also incorrect. For instance, the Supreme Court has held that "municipal liability may be imposed for a single decision."[68]

At any rate, Mr. Perez alleges that, based on a series of incidents, the County tacitly authorizes constitutional violations or displays deliberate indifference toward

---

[66] Defs.' Mot. Dismiss Pl.'s 1st Amended Compl. and Supporting Br. 9, Apr. 28, 2016, No. 1:16-cv-00902-SCJ.

[67] Defs.' Mot. Dismiss Pl.'s 1st Amended Compl. and Supporting Br. 10.

[68] *Pembaur v. City of Cincinnati*, 475 U.S. 469, 480 (1986), *superseded in part by statute*, Civil Rights Act of 1991, Pub. L. No. 102-166, 105 Stat. 1072 (1991), *as recognized in Francis v. Carroll*, 659 F. Supp. 2d 619, 626 (D. Del. 2009). *See also Owen v. City of Independence*, 445 U.S. 622 (1980).

police misconduct.[69] Indeed, the County's practices are so "persistent and wide-spread" that even a County Commissioner fell prey to them.[70] So Mr. Perez's claims are plausible, and that precludes dismissal.[71]

### C.   Sovereign immunity does not apply to § 1983 claims.

The County claims that sovereign immunity insulates it from suit here. That's wrong, too. As the Supreme Court held, "§ 1983 'creates a species of tort liability that on its face admits of no immunities.'"[72] By including the County within the class of "persons" subject to liability for civil-rights violations, the Court reasoned, Congress "abolished whatever vestige of the State's sovereign immunity the [County] possessed."[73] Sovereign immunity is thus inapplicable here.

---

[69] 1st Amended Compl. ¶¶ 8–9.

[70] *Compare id.* ¶ 9 *with Monell v. Dep't Soc. Servs. of City of New York*, 436 U.S. 658, 691 (1978) (defining "custom or usage" under § 1983 as "persistent and wide-spread" practices (quoting *Adickes v. S. H. Cress & Co.*, 398 U.S. 144, 167–68 (1970))).

[71] *See, e.g.*, *Iqbal*, 556 U.S. at 663 ("'[D]etailed factual allegations' are not required, … by the Rule does call for sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face" (quoting *Twombly*, 550 U.S. at 555, 570).

[72] *Owen*, 445 U.S. at 635 (quoting *Imbler v. Pachtman*, 424 U.S. 409, 417 (1976)).

[73] *Id.* at 647–48 (footnotes omitted) ("By including municipalities within the class of 'persons' subject to liability for violations of the Federal Constitution and laws, Congress … abolished whatever vestige of the State's sovereign immunity the municipality possessed."). *Accord Howlett ex rel. Howlett v. Rose*, 496 U.S. 356, 376 (1990).

That makes sense. The knowledge that the County can be held liable for the damage it causes incentivizes it to err on the side of protecting citizens' constitutional rights.[74] And that exposure encourages policies—policies that were lacking here—designed to minimize the likelihood of constitutional infringements.[75]

The County's approach, by contrast, does just the opposite: It signals to county officials and police officers that constitutional violations are acceptable. It incentivizes unconstitutional conduct. Remember that Mr. Perez was arrested, strip-searched, and jailed for 27 days for a crime he never committed. This is not some trivial constitutional violation; it's a horrific one.

## CONCLUSION

At bottom, the County and Detective Bastis's position is inherently unreasonable. "How 'uniquely amiss' it would be," the Supreme Court reasoned, "if the government—'the social organ to which all in our society look for the promotion of

---

[74] *See Owen*, 445 U.S. at 651–52 (footnote omitted) ("The knowledge that a municipality will be liable for all of its injurious conduct, whether committed in good faith or not, should create an incentive for officials who may harbor doubts about the lawfulness of their intended actions to err on the side of protecting citizens' constitutional rights.").

[75] *See id.* at 652 (citation omitted).

liberty, justice, fair and equal treatment …'—were permitted to disavow liability for the injury it has begotten."[76] So too here.

As Thomas Paine famously wrote, "government even in its best state is but a necessary evil[,] in its worst state an intolerable one."[77] Allowing the County and Detective Bastis to escape responsibility here would be a step toward that intolerable state. Denying their Motion would be a step away from the intolerable, a step toward responsibility. The Court should deny the Motion.

Dated: May 16, 2016.          Respectfully submitted,

/s/ *Andre T. Tennille III*
Kenneth B. Hodges III
Georgia Bar No. 359155
Andre T. Tennille III
Georgia Bar No. 940510
KEN HODGES LAW
2719 Buford Highway, N.E.
Atlanta, Georgia 30324
(404) 692-0488
ken@kenhodgeslaw.com
dre@kenhodgeslaw.com

---

[76] *Id.* at 651 (quoting *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 190 (1970) (Brennan, J., concurring in part and dissenting in part))).

[77] Thomas Paine, *Common Sense* 7 (Richard Beeman ed. 2012).

H. Maddox Kilgore
Georgia Bar No. 417548
Carlos J. Rodriguez
Georgia Bar No. 784163
KILGORE & RODRIGUEZ LLC
36 Ayers Avenue
Marietta, Georgia 30060
(770) 693-4638
kilgore.law@comcast.net
cjrodriguez.law@gmail.com

*Counsel for Juan Perez*

## <u>CERTIFICATE OF COMPLIANCE WITH LR 5.1B</u>

I certify that Plaintiff's Brief in Opposition to Defendants' Motion to Dismiss

has been prepared in 14-point Times New Roman font.

Dated: May 16, 2016.          <u>/s/ *Andre T. Tennille III*  </u>
                              Andre T. Tennille III
                              Georgia Bar No. 940510

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JUAN PEREZ,

     Plaintiff,

v.

COBB COUNTY and THOMAS
BASTIS, in his individual and official
capacities,

     Defendants.

Civil Action No. 1:16-cv-00902-SCJ

## CERTIFICATE OF SERVICE

I certify that I have this day electronically filed Plaintiff's Brief in Opposition to Defendants' Motion to Dismiss with the Clerk of Court using the CM/ECF system, which will automatically serve the filing on opposing counsel:

George M. Weaver
HOLLBERG & WEAVER, LLP
2921 Piedmont Road, N.E.
Suite C
Atlanta, Georgia 30305

Deborah L. Dance
H. William Rowling, Jr.
Austin D. Roberson
COBB COUNTY ATTORNEY'S OFFICE
100 Cherokee Street
Suite 350
Marietta, Georgia 30090

*Counsel for Cobb County and Detective Bastis*

Dated: May 16, 2016.

/s/ *Andre T. Tennille III*
Andre T. Tennille III
Georgia Bar No. 940510