IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JUAN PEREZ,<br><br>    Plaintiff,<br><br>v.<br><br>COBB COUNTY, COBB COUNTY POLICE DEPARTMENT, and THOMAS BASTIS,<br><br>    Defendants. | CIVIL ACTION FILE<br><br>NO. 1:16-cv-00902-SCJ |

## REPLY BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

### I.  INTRODUCTION

In response to Defendants' Motion to Dismiss, Plaintiff Juan Perez concedes a number of his claims should be dismissed against the Cobb County Police Department and Cobb County, including those for punitive damages and declaratory judgment. (Doc. 10, at 3) (ECF pagination). Plaintiff also appears to have abandoned any state or federal claims for wrongful arrest (Doc. 5, Count I), as he failed respond to Defendants' argument that such claims are barred by the statute of limitations (Doc. 5, at 20-21) (ECF pagination).

Arguing only claims of malicious prosecution against Detective Bastis and Cobb County (Doc. 10, at 1-2) (ECF pagination), Plaintiff baldly concludes that

the County was responsible for a defective policy that authorized malicious prosecution against him and baselessly asserts the County may be liable for inadequately training Bastis. Despite these assertions, Plaintiff appears to concede that his state law claims are barred by the County's sovereign immunity, which Defendants argued in their principal brief. (Doc. 8, at 18-19) (ECF pagination). Finally, Plaintiff's allegations that Bastis testified falsely cannot serve as a basis for liability under federal or Georgia law because of the doctrine of witness immunity, and Plaintiff failed to assert any alleged wrongful acts that Bastis took within the two-year limitations period. In short, Plaintiff's attempts to salvage his malicious prosecution claims against either the County or Bastis are unavailing.

## II.  ARGUMENT AND CITATIONS OF AUTHORITY

### A. Plaintiff has not alleged facts plausibly showing that Cobb County is responsible for a defective policy or custom making it liable under § 1983 for malicious prosecution.

As noted in Defendants' initial brief, Plaintiff's Complaint set forth bare legal conclusions in a feeble attempt to allege a defective policy or custom against the County.[1] Plaintiff did not specify the nature of any alleged pattern of

---

[1] Plaintiff's attempts to create County liability consist of the following allegations:

> The County has a persistent and wide-spread pattern and a permanent and well-settled practice of violating civil rights. . . .
> (Doc. 5 at ¶ 8).

constitutional violations. (Doc. 5 at ¶¶ 8, 9, 52). His non-specific, generic allegations of unspecified constitutional violations are the very definition of the types of "labels and conclusions, and [] formulaic recitation of the elements of a cause of action" that the Supreme Court has held "will not do." Bell Atlantic v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).

In trying to reach his desired conclusion, Plaintiff misstates the law, stating: "[t]he Supreme Court has held that 'municipal liability may be imposed for a single decision.' " (Doc. 10 at 18) (ECF pagination). The actual holding was that "municipal liability may be imposed for a single decision *by municipal policymakers* under appropriate circumstances." Pembaur v. City of Cincinnati, 475 U.S. 469, 480, 106 S. Ct. 1292, 89 L. Ed. 2d 452 (1986) (plurality opinion) (emphasis added). Obviously, Bastis is not a policymaker for Cobb County and

---

> The County tacitly authorizes repeated constitutional violation or displays deliberate indifference toward police misconduct, making its failure to correct constitutionally offensive actions the County's custom or policy. . . .
> (*Id.* at ¶ 9).

> The County is liable for violating § 1983 because Detective Bastis's conduct is the product of the County's unlawful customs, policies, and practices. Those customs, police, and practices are evident from, among other things, repeated incidents where the County's agents, acting under color of law, intentionally deprive citizens of constitutional rights.
> (*Id.* at ¶ 52).

Plaintiff has not alleged he is. In fact, Plaintiff does not use the term "policymaker" in his Amended Complaint.

In support of his allegations that a defective County policy caused his injuries, Plaintiff cites only three lawsuits involving Cobb County (without the first fact about any of those cases), references "an incident" on July 14, 2015 involving a County politician who stated she felt "harassed and intimidated," and alleges "police misconduct is 'protocol and prevalent.' " (Doc. 5 ¶¶ 8, 9; Doc. 10 at 16) (ECF pagination).[2] As to the cases and the incident involving the County official, Plaintiff includes no details – not the nature of the complaints, not whether they involved arrest or prosecution, not whether they concerned a child molestation investigation, or any other facts that would demonstrate their relevance to Plaintiff's allegations that his injuries were the proximate result of a defective policy.

Plaintiff does not plead that any similar alleged constitutional deprivations occurred in the past at the hands of Cobb County police officers. Under the pleading standards of Twombly and Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009), "[t]o survive a motion to dismiss, a complaint

---

[2] Because Plaintiff alleges no facts about these cases, his citation of them travels no distance toward showing a defective policy for which Cobb County is responsible and that could have proximately caused his alleged injuries. But a review of them by the Court would demonstrate that in none of them was there a determination or finding of liability against Cobb County or any defendant.

must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). This means that "the plaintiff [must] plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Plaintiff's paltry allegations of a defective policy or custom are inadequate to sustain the claims against Cobb County. Thus, the claims against Cobb County should be dismissed.

### B. Plaintiff's claim against Cobb County for insufficient training of Bastis remains deficient.

Like his deficient allegations regarding policy or custom, Plaintiff's attempt to plead inadequate training or supervision is a formulaic recitation of legal conclusions and labels bereft of factual support.[3] Plaintiff's response to the County's argument that his claim based on alleged inadequate training is

---

[3] The entirety of Plaintiff's allegations on this point consist of paragraph 51 of his Complaint, alleging:
> In light of the duties assigned to Detective Bastis, the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the County can reasonably be said to have been deliberately indifferent to the need. The County is liable for violating § 1983 because its inadequate training and supervision caused, or contributed to causing, Detective Bastis to intentionally commit acts, acting under color of law, that deprived Mr. Perez of his constitutional rights under the Fourth and Fourteenth Amendments.

(Doc. 5, at ¶ 51).

insufficiently pled and should be dismissed.[4] Plaintiff attempts to bootstrap County liability based on inadequate training from allegations that Bastis acted badly. Quoting selectively from City of Canton v. Harris, 489 U.S. 378, 109 S. Ct. 1197, 103 L. Ed. 2d 412 (1989), Plaintiff argues: "Given Detective Bastis's actions—falsifying reports, suppressing exculpatory evidence, giving false testimony—'the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights,' that the County 'can reasonably be said to have been deliberately indifferent to the need.' " (Doc. 10, at 17) (ECF pagination).

> What the Court actually held in Harris was as follows:
>
> Monell's rule that a city is not liable under § 1983 unless a municipal policy causes a constitutional deprivation will not be satisfied by merely alleging that the existing training program for a class of employees, such as police officers, represents a policy for which the city is responsible. That much may be true. The issue in a case like this one, however, is whether that training program is adequate; and if it is not, the question becomes whether such inadequate training can justifiably be said to represent "city policy." It may seem contrary to

---

[4] Plaintiff referrs in his complaint and response to alleged "inadequate training and supervision." (Doc. 5 ¶ 51; Doc. 10, at 5, 17). But there is no meaningful difference in an entity or supervisor causing a subordinate to act unconstitutionally through a defective formal or informal policy and causing that result by inadequate supervision. See Tuttle, 471 U.S.at 820 (pointing out that training and supervision practices fall under the policy label); McCoy v. City of Monticello, 411 F.3d 920, 922 (8th Cir. 2005); Taylor v. Canton, Ohio Police Dep't, 544 F. Supp. 783, 790 (N.D. Ohio 1982). Thus, Defendants have addressed this contention regarding supervision in their discussion of Plaintiff's allegations of liability against the County based on a defective formal or informal policy.

> common sense to assert that a municipality will actually have a policy of not taking reasonable steps to train its employees. But it may happen that in light of the duties assigned to specific officers or employees the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers of the city can reasonably be said to have been deliberately indifferent to the need. In that event, the failure to provide proper training may fairly be said to represent a policy for which the city is responsible, and for which the city may be held liable if it actually causes injury.

489 U.S. 378, 390 (1989). The Supreme Court specifically rejected the very argument that Plaintiff attempts to sell to this Court, holding that the fact that an officer commits a wrongful act standing alone does not support liability of the entity that employs him for constitutionally inadequate training. Rather, if there are "duties assigned to specific officers" and there is an obvious "need for more or different training" with respect to those duties, so that "the inadequacy [is] likely to result in the violation of constitutional rights," then "the policymakers of the city can reasonably be said to have been deliberately indifferent to the need." The effect is that "the failure to provide proper training may fairly be said to represent a policy for which the [municipal entity] is responsible, and for which the city may be held liable if it actually causes injury." Id. at 390.

Plaintiff fails to include in his Amended Complaint any allegations regarding the training Bastis received, the training he should have received, or any specific failure by Cobb County to train Bastis adequately with respect to his actions that affected Plaintiff. As with the generic policy allegations against the

County, Plaintiff's allegations regarding the training of Bastis are inadequate and cannot survive this motion to dismiss.

### C. Plaintiff's state law claim against Cobb County is barred by sovereign immunity.

Responsive to Defendants' Motion, Plaintiff contends that "Sovereign immunity does not apply to § 1983 claims." (Doc. 10, at 19) (ECF pagination). Defendants never argued it did. Defendants argued only that to the extent Plaintiff pled a state law claim for malicious prosecution against the County, the claim is barred by the County's state law sovereign immunity. (Doc. 8, at 18-19) (ECF pagination). Defendants raised this argument in their principal brief because Plaintiff did not specify in his Complaint whether his malicious prosecution claim was based on federal or state law or both. (Doc. 5, Count II).

### D. Plaintiff's allegations regarding Bastis's testimony cannot support his malicious prosecution claims under the doctrine of witness immunity, and Plaintiff has not alleged that Bastis took any other action during the limitations period to support his claims.

According to the Amended Complaint, the only actions taken by Bastis during the two-year limitations period (preceding the filing of this suit) that allegedly constituted malicious prosecution were testifying before two Cobb County grand juries. As articulated by Defendants, Bastis's testimony is protected by the doctrine of witness immunity and cannot serve as a basis for liability under either federal or Georgia law  (Doc. 8, at 21-23) (ECF pagination).

Plaintiff has offered no substantive response to this argument other than to argue: "Mr. Perez alleges many other facts showing malicious prosecution—falsified police reports and suppressed exculpatory evidence to name just two." (Doc. 10, at 13-14) (ECF pagination). But these allegations pertaining to Plaintiff's initial seizure are distinct from allegations that Bastis's later testimony perpetuated the seizure, which presents a distinct claim with "a different trigger" for the limitations period. See Albright v. Oliver, 510 U.S. 266, 280, 114 S. Ct. 807, 127 L. Ed. 2d 114 (1994) (plurality opinion) (Ginsburg, J., concurring). Plaintiff's Amended Complaint acknowledges the distinction, sequentially alleging "Defendants never had even arguable probable cause to *arrest* Mr. Perez. They never had even arguable probable cause to *prosecute* him."[5] (Doc. 5, at ¶ 47) (emphasis added).

Irrespective of the limitations issue, the law is abundantly clear that, at the very least, the allegations regarding Bastis's testimony (at either the probable cause hearing or before the grand jury) cannot support Plaintiff's malicious prosecution claims. (Doc. 8, at 21-23) (ECF pagination); see also Scarbrough v. Myles, 245 F.3d 1299, 1305 (11th Cir. 2001) ("Because a preliminary hearing is a judicial

---

[5] Plaintiff's Amended Complaint also breaks out allegations regarding the initial arrest under a separate heading – "Detective Bastis Ignores Exculpatory evidence and Files False Reports to Have Mr. Perez Arrested" – from allegations regarding the continuing seizure based on Bastis's testimony. (Doc. 5, at ¶¶ 24-42).

proceeding, [a police officer] enjoys absolute immunity from civil liability damages resulting from his testimony.") Plaintiff's remaining allegations – falsification of police reports and suppression of exculpatory evidence – do not save his Complaint because they concern the initial seizure and occurred more than two years before this suit was filed. (Doc. 5, at ¶¶ 26-38).

Plaintiff's reliance on Grider v. City of Auburn, 618 F.3d 1240 (11th Cir. 2010), is also misplaced. In Grider, the Eleventh Circuit upheld the denial of summary judgment to certain employees based on qualified immunity and state law immunity. In the present case, Bastis has not raised qualified immunity or individual state law immunity as a basis for dismissal at this stage. Therefore, Grider does not provide guidance to this case. Thus, Plaintiff's claims for malicious prosecution are barred by the doctrine of witness immunity and the two-year statute of limitations.

### III. CONCLUSION

For these additional reasons, the Court should grant Defendants' motion to dismiss all claims.[6]

Respectfully Submitted,

s/ George M. Weaver
George M. Weaver                    743150

HOLLBERG & WEAVER, LLP
2921 Piedmont Road, N.E., Suite C
Atlanta, Georgia 30305
(404) 760-1116
gweaver@hw-law.com

s/ Austin D. Roberson
Austin D. Roberson                  850334
H. William Rowling, Jr.             617225
Deborah L. Dance                    203765

Cobb County Attorney's Office
100 Cherokee Street, Suite 350
Marietta, Georgia 30090
(770) 528-4000
austin.roberson@cobbcounty.org
browling@cobbcounty.org
ddance@cobbcounty.org

Attorneys for Defendants Cobb County, Georgia, Cobb County Police Department, and Tom Bastis

---

[6] This document has been prepared in Times New Roman (14 pt.) font, which has been approved by the Local Rules of this Court.

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JUAN PEREZ,<br><br>    Plaintiff,<br><br>v.<br><br>COBB COUNTY, COBB COUNTY POLICE DEPARTMENT, and THOMAS BASTIS,<br><br>    Defendants. | CIVIL ACTION FILE<br><br>NO. 1:16-cv-00902-SCJ |

## CERTIFICATE OF SERVICE

I hereby certify that I have this day electronically filed the foregoing REPLY BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

> Kenneth B. Hodges III, Esq.
> Andre T. Tennille III, Esq.
> KEN HODGES LAW LLC
> 2719 Buford Highway, N.E.
> Atlanta, Georgia 30324

H. Maddox Kilgore, Esq.
Carlos J. Rodriguez, Esq.
KILGORE & RODRIGUEZ LLC
36 Ayers Avenue
Marietta, Georgia 30060

This 2nd day of June, 2016.

                                      s/ George M. Weaver
                                      George M. Weaver         743150

HOLLBERG & WEAVER, LLP
2921 Piedmont Road, N.E., Suite C
Atlanta, Georgia 30305
(404) 760-1116
gweaver@hw-law.com         Attorneys for Defendants Cobb County, Georgia, Cobb County Police Department, and Tom Bastis

- 2 -