**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| **JUAN PEREZ,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO.** |
| | : | **1:16-cv-0902-SCJ** |
| **COBB COUNTY and THOMAS** | : | |
| **BASTIS, in his individual and** | : | |
| **official capacities,** | : | |
| | : | |
| **Defendants.** | : | |

## ORDER

This matter appears before the Court on the Defendants' Motion to Dismiss Plaintiff's First Amended Complaint (Doc. No. [8]).

## I. BACKGROUND

A review of the record shows that on March 21, 2016, Plaintiff filed a Complaint against Cobb County, Cobb County Police Department, and Thomas Bastis. Doc. No. [1]. On April 1, 2016, Plaintiff filed an Amended Complaint against Defendant Cobb County and Defendant Thomas Bastis (in his individual and official capacities). Doc. No. [5].[1] The counts of the complaint are: violation

---

[1] The Amended Complaint does not name Cobb County Police Department as a defendant.

of the Fourth and Fourteenth Amendments of the United States Constitution under 42 U.S.C. § 1983 (Count I); malicious prosecution (Count II); and punitive damages (Count III).[2]

The allegations of the Complaint are as follows.[3]  Plaintiff alleges that he was falsely accused of aggravated sodomy and child molestation of his daughter—based on his ex-wife's attempt to smite him. Id. at p. 1.

Plaintiff alleges that Defendant Bastis, a detective employed by the Cobb County Police Department, ignored evidence, another detective's findings (of innocence), filed false police reports, and gave false testimony which led to [Plaintiff's] arrest on February 5, 2014.  Id. at pp. 1–2, 13, ¶ 34.  Plaintiff asserts that there were "many pieces of exculpatory evidence that the detective suppressed" and his arrest was objectively unreasonable.  Id. at p. 11, ¶¶ 29, 35.

In his Complaint, as amended, Plaintiff alleges that "Detective Bastis is

---

[2]  It appears to the Court that the Amended Complaint was filed *prior* to service on Defendants on April 7, 2016 and April 12, 2016 (Doc. Nos. [6], [7]); therefore, the present circumstances fall within Federal Rule of Civil Procedure 15, which allows a party to amend a complaint once as a matter of course within twenty-one days of service.  The Amended Complaint at Doc. No. [5] is the operative complaint.

[3]  "In ruling on a 12(b)(6) motion, the Court accepts the factual allegations in the complaint as true and construes them in the light most favorable to the plaintiff."  Speaker v. U.S. Dep't of Health and Human Servs. Ctrs for Disease Control and Prevention, 623 F.3d 1371, 1379 (11th Cir. 2010).

liable for violating § 1983 because he intentionally committed acts, acting under color of law, that deprived [Plaintiff] of his constitutional rights under the Fourth and Fourteenth Amendments."  Doc. No. [5], p. 17, ¶ 50.

Plaintiff alleges that "[t]he County is liable for violating § 1983 because its inadequate training and supervision caused, or contributed to causing, Detective Bastis to intentionally commit acts, acting under color of law, that deprived [Plaintiff] of his constitutional rights under the Fourth and Fourteenth Amendments."  Doc. No. [5], p. 17, ¶ 51.  Plaintiff alleges that "[t]he County is also liable for violating § 1983 because Detective Bastis's conduct is the product of the County's unlawful customs, policies, and practices."  Id. ¶ 52.

Plaintiff also states: "[t]he County tacitly authorizes repeated constitutional violations or displays of deliberate indifference toward police misconduct, making its failure to correct constitutionally offensive actions the County's custom or policy."  Id. ¶ 9.

On April 28, 2016, Defendants filed a Motion to Dismiss Plaintiff's First Amended Complaint.  Doc. No. [8].  The motion has been fully briefed and is now ripe for review.

3

## II.    LEGAL STANDARD

Plaintiff brings this Complaint under 42 U.S.C. § 1983, which provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

A complaint may be dismissed under a Rule 12(b)(6) motion to dismiss if the facts as pled do not state a claim for relief that is plausible on its face.  Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009) (explaining "only a complaint that states a plausible claim for relief survives a motion to dismiss."); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 561–62, 570 (2007) (retiring the prior Conley v. Gibson, 355 U.S. 41, 45–46 (1957), standard which provided that in reviewing the sufficiency of a complaint, the complaint should not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."). In Iqbal, the Supreme Court reiterated that although Rule 8 of the Federal Rules of Civil Procedure does not require detailed factual allegations, it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  Iqbal, 556

U.S. at 678.

In <u>Twombly</u>, the Supreme Court emphasized a complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  550 U.S. at 555.  Factual allegations in a complaint need not be detailed but "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  <u>Id.</u> (internal citations and emphasis omitted).

## III.  ANALYSIS

In their Motion to Dismiss, Defendants argue: (1) the Cobb County Police Department is not a suable entity; (2) Plaintiff's federal claims against Cobb County are subject to dismissal due to the failure adequately to plead any defective policy authorized by the County and any claim against the County based on inadequate training is barred for similar reasons; (3) all claims based on the arrest of Perez are barred by the applicable statute of limitations; and (4) Plaintiff lacks standing to seek a declaratory judgment.  Doc. No. [8], pp. 5–6.

### A.  **Proper Party**

Referring to the original complaint, Defendants argue that the Cobb County Police Department is not a suable entity and that Plaintiff was not allowed to drop

County Police in his Amended Complaint without a court order. Doc. No. [8], p. 7. Defendants cite Federal Rule of Civil Procedure 21 (providing that a court may drop a party on motion) in support of its position.

In his response brief, Plaintiff concedes that the County Police Department is not subject to suit.  Doc. No. [10], p. 3.

In light of Plaintiff's concession, it is not necessary for the Court to resolve the question of whether Plaintiff could amend his complaint (pursuant to Federal Rule of Civil Procedure 15(a)) to drop Cobb County as a party, as courts are actually split on this issue.  See Peguese v. PNC Bank, N.A., 306 F.R.D. 540, 545 (E.D. Mich. 2015) ("Courts are split on whether Rule 21 has preference over Rule 15(a).") (internal quotations and citations omitted).

After review of applicable authority, the Court finds that the Cobb County Police Department is not a suable entity.  See Dean v. Barber, 951 F.2d 1210, 1214 (11th Cir. 1992) ("Sheriff's departments and police departments are not usually considered legal entities subject to suit . . . .").

B. **Monell Allegations**

"The Supreme Court [in Monell v. Department of Social Services, 436 U.S. 658 (1978)] has placed strict limitations on municipal liability under § 1983. A county's

6

liability under § 1983 may not be based on the doctrine of respondeat superior. A county is 'liable under section 1983 only for acts for which [the county] is actually responsible.' Indeed, a county is liable only when the county's 'official policy' causes a constitutional violation. Thus, [Plaintiff] must 'identify a municipal 'policy' or 'custom' that caused [his] injury.'" Grech v. Clayton Cty., Ga., 335 F.3d 1326, 1329 (11th Cir. 2003) (citations omitted).

In his Complaint, as to Defendant Cobb County, Plaintiff states that the county has a persistent and wide-spread pattern and a permanent and well-settled practice of violating civil rights. Doc. No. [5], p. 4, ¶ 8. Plaintiff further states: "[t]he County tacitly authorizes repeated constitutional violations or displays of deliberate indifference toward police misconduct, making its failure to correct constitutionally offensive actions the County's custom or policy." Id. ¶ 9.

### 1. *Policy*

In their motion to dismiss, Defendants assert that Plaintiff has failed "to plead either a formal or informal policy, *i.e.*, custom, that satisfies the pleading standards set out in Twombly and Iqbal." Doc. No. [8], p. 15.

### a. **Formal**

Defendants argue that Plaintiff has not "adequately alleged that a defective

AO 72A
(Rev.8/82)

policy for which the County or its officials are responsible proximately caused him to be unlawfully arrested and prosecuted" for child molestation without probable cause.  Doc. No. [8], p. 10.

After review of Plaintiff's response brief, it does not appear that Plaintiff is bringing his claim based on a formal policy of Cobb County[4]—the Plaintiff's claim is based on informal policy, discussed, *infra*.

### b. **Informal**

#### i. *Custom*

As stated above, in his Complaint, Plaintiff alleges that Defendant Cobb County has a persistent and wide-spread pattern and a permanent and well-settled practice of violating civil rights.  Doc. No. [5], p. 4, ¶ 8.  Plaintiff cites three lawsuits that were filed against Cobb County in the Northern District of Georgia as a "sample of violations."  Id.   In his response brief, Plaintiff states that the County's liability derives from the County's tolerance and acquiescence of a custom of civil rights violations.  Doc. No. [10], p. 15.  Also in his brief, Plaintiff states that his Complaint alleges that "Detective Bastis's conduct is the product of the County's unlawful

---

[4]   Indeed, the Eleventh Circuit has recognized that "a county rarely will have an officially-adopted policy of permitting a particular constitutional violation."  Grech, 335 F.3d at 1330.

customs, which are evident from repeated incidents where the County police, acting under color of law, violate citizens' constitutional rights."  Doc. No. [10], p. 16. Plaintiff states that to plead custom, he only needed to allege a permanent and well settled practice.  Id.

In their motion to dismiss, Defendants argue that Plaintiff "alleges no facts to support the conclusion that Cobb County may be liable due to an informal defective policy or custom."  Doc. No. [8], p. 13.  Defendants state that Plaintiff does not plead that any similar alleged constitutional deprivations occurred in the past at the hands of Cobb County police officers.  Doc. No. [13], p. 4.  Defendants recognize that Plaintiff cites three other cases involving Cobb County, but further argue that Plaintiff did not state the facts or outcome of these cases.  Id.  Defendants assert that Plaintiff has only set forth "bare legal conclusions" and has not specified the nature of any alleged pattern of constitutional violations.  Id. at p. 2.

"[T]o prove § 1983 liability against a municipality based on custom, a plaintiff must establish a widespread practice that, 'although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a 'custom or usage' with the force of law.'"  Griffin v. City of Opa-Locka, 261 F.3d 1295, 1308 (11th Cir. 2001) (citations omitted).  In one Supreme Court case, the court noted

that the focus in prior case law (reviewing police conduct/informal policy/custom) was not simply on the number of violations, but "on the common thread running through" the prior violations.  Rizzo v. Goode, 423 U.S. 362, 375 (1976).

After review, the Court agrees that Plaintiff has not met his burden under the applicable Twombly/Iqbal pleading standard as Plaintiff has only alleged a bare legal conclusion as to the County's liability based on custom.  Plaintiff is correct that he needed to allege a permanent and well settled legal practice, but he also needed to allege factual allegations that raised the right to relief above the speculative level and state a claim for relief that is plausible on its face.  Here, as correctly noted by Defendants, Plaintiff's factual allegations essentially cite three other cases involving Cobb County, Plaintiff does not state the facts or outcome of these cases.[5]  The Court

---

[5]  Said cases are: Jordan v. Cobb County, No. 1:99-cv-2837 (N.D. Ga. 1999); Murdock v. Cobb County, No. 1:12-cv-01743 (N.D. Ga. 2012); and Barnes v. Cobb County, No. 1:14-cv-00948 (N.D. Ga. 2014).  Doc. No. [5], ¶ 8.  Pursuant to Federal Rule of Evidence 201, the Court takes judicial review of its docket and notes that the docket entries for the Johnson case show that the court granted Cobb County's motion for summary judgment with respect to the § 1983 claims.  1:99cv2837, Doc. No. [44].  (Due to the age of the case, the actual filed documents are not available for electronic review on CM/ECF.  The Court has not ordered the paper case file from archives.  The remaining two cases are electronically viewable.)  The second case, i.e., the Murdock case was based on a traffic stop/subsequent shooting death of the vehicle occupant and it resulted in settlement.  The allegations of the complaint were that the County was liable "based on an unwritten custom, pattern and practice that allows officers to ignore written policies and receive no retribution or punishment for violating those policies by hiding behind the 'blue shield.'" 1:12-cv-1743, Doc. No. [12], ¶ 119.  The third case, i.e., the Barnes case, was based on an individual being arrested for political protest speech and resulted in settlement.  It was alleged in the complaint that Cobb County had a policy (or custom) of arresting individuals under the disorderly conduct statute for cursing

attempted to review each case under its authority to take judicial notice of its docket; however, as two of the cases settled and one resulted with summary judgment in favor of Defendant Cobb County, it is not clear to the Court exactly how Plaintiff contends that the cases show a custom or a common thread running through the alleged constitutional deprivations.[6]

### ii. *Tacit Authorization*

Next, the Court considers Plaintiff's tacit authorization allegations.

In Griffin, the Eleventh Circuit held that "a municipality's failure to correct the constitutionally offensive actions of its employees can rise to the level of a custom or policy 'if the municipality tacitly authorizes these actions or displays deliberate indifference' towards the misconduct." Griffin, 261 F.3d at 1308.

In his Complaint, Plaintiff alleges: "[t]he County tacitly authorizes repeated constitutional violations or displays of deliberate indifference toward police

---

in public speech. 1:14-cv-0948, Doc. No. [1], ¶¶ 42, 62.

[6] The parties also make additional argument as to whether one isolated incident is enough to show custom. The Supreme Court has held that "[p]roof of a single incident of unconstitutional activity is not sufficient to impose liability under Monell, unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy, which policy can be attributed to a municipal policymaker." City of Oklahoma City v. Tuttle, 471 U.S. 808, 823–24 (1985). Here, there is no allegation that Defendant Bastis is a policy maker and the case law does not support such a conclusion. Cf. Grech, 335 F.3d at 1343 ("Georgia law points to the conclusion that sheriffs are not county policymakers as to their law enforcement functions.").

AO 72A
(Rev.8/82)

misconduct, making its failure to correct constitutionally offensive actions the County's custom or policy. That is confirmed by a recent incident involving County Commissioner Lisa Cupid.  After a County police officer harassed and intimidated her, she wrote a memorandum to the County noting that police misconduct is 'protocol and prevalent.'" Doc. No. [5], pp. 4–5.  Plaintiff argues that the Commissioner's statement "shows tacit authorization or, at a minimum, deliberate indifference" on the part of the County.  Doc. No. [10], p. 16.

In reply, Defendants argue that as to the incident involving County Commissioner Cupid, Plaintiff includes no details (such as the nature of her complaint, if there was an arrest or prosecution, or whether it concerned a child molestation investigation) or any other facts that would demonstrate relevance to Plaintiff's allegations that his injuries were the proximate result of a defective policy. Doc. No. [13], p. 4.

After review, the Court finds that Plaintiff's tacit authorization allegation also does not meet his burden under the applicable Twombly/Iqbal pleading standard as Plaintiff has only alleged a bare legal conclusion as to the County's liability based on tacit authorization.  Plaintiff needs to allege additional factual allegations as to the Commissioner Lisa Cupid incident (and any other facts that he may have that show

the municipality's failure to correct constitutionally offensive actions of its employees as they relate to his case) that raise the right to relief above the speculative level and state a claim for relief that is plausible on its face.

### 2. *Training*

In his Complaint, Plaintiff alleges that: "In light of the duties assigned to Detective Bastis, the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the County can reasonably be said to have been deliberately indifferent to the need. The County is liable for violating § 1983 because its inadequate training and supervision caused, or contributed to causing, Detective Bastis to intentionally commit acts, acting under color of law, that deprived [Plaintiff] of his constitutional rights under the Fourth and Fourteenth Amendments." Doc. No. [5], p. 17, ¶ 51.

In their motion, Defendants argue that Plaintiff has failed to adequately allege that insufficient training of Bastis by Cobb County proximately caused a violation of his rights. Doc. No. [8], p. 16. Defendants argue that Plaintiff's training allegations are mere conclusions, without any factual support. Id. at p. 17.

In response, Plaintiff states: "given Detective Bastis's misconduct—falsifying evidence, suppressing exculpatory evidence, and so on—the need for more or

different training and supervision is so obvious that the County's failure to provide it amounts to deliberate indifference."  Doc. No. [10], p. 5.

> In City of Canton, Ohio v. Harris, the Supreme Court stated:
>
> it may happen that in light of the duties assigned to specific officers or employees the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers of the city can reasonably be said to have been deliberately indifferent to the need.  In that event, the failure to provide proper training may fairly be said to represent a policy for which the city is responsible, and for which the city may be held liable if it actually causes injury.

City of Canton, Ohio v. Harris, 489 U.S. 378, 390 (1989).  The Supreme Court further stated: "for liability to attach in this circumstance the identified deficiency in a [municipality's] training program must be closely related to the ultimate injury."  Id.[7]

---

[7]  The Eleventh Circuit has set forth the inadequate training standard as follows:

> There are "limited circumstances" in which a local government will be held liable because it inadequately trained or supervised its employees, who then infringed upon a plaintiff's constitutional rights. To be successful, a plaintiff must demonstrate that: (1) the government inadequately trained or supervised its employees; (2) the failure to train is an official policy; and (3) the policy caused the employees to violate the plaintiff's rights. A plaintiff may prove that a policy existed by showing that the government knew that a need to train or supervise its employees existed but made a "deliberate choice not to take any action." A need for training and/or supervision

14

After review, the Court agrees that Plaintiff has failed to adequately allege that insufficient training of Bastis by Cobb County proximately caused a violation of his rights. The Court also agrees that Plaintiff's training allegations are mere conclusions, without sufficient factual support to raise the right to relief above the speculative level and state a claim for relief that is plausible on its face.

### C. § **1983**

#### 1. **Statute of Limitations**

Defendants argue that Plaintiff's claim that he was arrested in violation of the Fourth and Fourteenth Amendments is barred by the applicable two-year statute of limitations. Doc. No. [8], p. 20.

As stated by Defendants,

[a]ccording to the amended complaint, an arrest warrant was issued. Then Perez was arrested on February 4, 2014 and held for 27 days. A probable cause hearing was held March 4, 2014 and he was subsequently released that day on his own recognizance, after the Cobb County magistrate court had found probable

---

will be proven when there is sufficient evidence that: (1) the government's employees "face clear constitutional duties in recurrent situations"; or (2) "a pattern of constitutional violations exists such that the [government] knows or should know that corrective measures are needed."

Thomas ex rel. Thomas v. Roberts, 261 F.3d 1160, 1173 (11th Cir. 2001), *cert. granted, judgment vacated sub nom.* Thomas v. Roberts, 536 U.S. 953 (2002), and *opinion reinstated*, 323 F.3d 950 (11th Cir. 2003) (citations omitted).

AO 72A
(Rev.8/82)

cause and set bond. (Doc. 5 ¶¶ 1, 32, 33, 37, 39, 42). Perez filed this suit March 21, 2016 (Doc. 1), more than two years after he was arrested "because of legal process." As a result, Perez's Fourth Amendment arrest claim is barred by the applicable two year statute of limitations.

Doc. No. [8], p. 21 (some citations omitted).

In his opposition brief, Plaintiff did not respond to Defendants' statute of limitations arguments.  The Court will still consider the merits of the motion to dismiss, even in the absence of response.

"[A] Rule 12(b)(6) dismissal on statute of limitations grounds is appropriate only if it is 'apparent from the face of the complaint' that the claim is time-barred."  La Grasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004).

After review, the Court is unable to uphold Defendants' arguments as they appear to be based on false arrest case law, as opposed to malicious prosecution case law.[8] "In general terms, a warrantless arrest without probable cause provides the basis for a § 1983 claim for false arrest. By contrast, seizures following the 'institution of a prosecution,' such as an arrest pursuant to a

---

[8] "The issuance of a warrant—even an invalid one as [plaintiff] alleges was issued here—constitutes legal process, and thus, where an individual has been arrested pursuant to a warrant, his claim is for malicious prosecution rather than false arrest." Carter v. Gore, 557 F. App'x 904, 906 (11th Cir. 2014)

warrant, generally serve as the basis for a § 1983 claim for malicious prosecution." Elmore v. Fulton Cty. Sch. Dist., 605 F. App'x 906, 915 (11th Cir. 2015).  Here, there was a warrant so the claim is for malicious prosecution.

In regard to the statute of limitations for a malicious prosecution cause of action, the Eleventh Circuit has stated:

> At common law, a plaintiff had no malicious prosecution claim until the underlying proceeding was terminated in his favor. So, where a section 1983 plaintiff is seized following the institution of a prosecution (for example, after a warrant has been issued for arrest or after an information has been filed) and he seeks to recover damages for all the elements of the prosecution, he can properly wait until the prosecution terminates in his favor to bring his section 1983 claim which alleges that the seizure was unreasonable. The statute of limitations will not bar the action as long as the action is promptly brought when the prosecution has terminated.

Whiting v. Traylor, 85 F.3d 581, 585–86 (11th Cir. 1996); see also Brown v. Lewis, 361 F. App'x 51 (11th Cir. 2010) and Ball v. Forsyth Cty. Bd. of Comm'rs, No. 2:15-CV-00099-RWS, 2015 WL 3796472, at *2 (N.D. Ga. June 17, 2015).  Here, the prosecution did not terminate in Plaintiff's favor (at the earliest) until August 28, 2014 with the issuance of a "no bill" as to the second grand jury declined to indict him.  Doc. No. [5], p. 16, n.5.[9]  "[T]he statute of limitations for § 1983 claims is that

---

[9] Plaintiff states that the Cobb County Superior Court dismissed the original indictment (Doc. No. [5], p. 16, ¶ 46); however, he does not provide a date for said dismissal.

17

which the State provides for personal-injury torts." <u>Jones v. Union City</u>, 450 F.

App'x 807, 808 (11th Cir. 2011) (citing <u>Wallace v. Kato</u>, 549 U.S. 384

(2007)(internal quotation marks omitted).  In the State of Georgia, the personal-

injury torts statute of limitations is two years.  <u>Jones</u>, 450 F. App'x at 809.  Thus,

Plaintiff had (at the least) two years of the August 28, 2014 "no bill" to file his

complaint.  His filing on March 21, 2016 was therefore timely.  As it is not

apparent from the face of the complaint that the Plaintiff's malicious prosecution

claim is time-barred, Defendants' motion is denied on this ground.

### 2.  **False Testimony**

The Complaint alleges that Detective Bastis gave false testimony at the

March 4, 2014 probable cause hearing and "[i]n a June 2014 grand-jury hearing,

held in secret, Detective Bastis testified as the only witness, presumably giving

. . . false testimony . . . ."  Doc. No. [5], pp. 14, 15, ¶¶ 39,  43.

Defendants argue that Defendant Bastis's testimony is protected by the

doctrine of witness immunity and cannot serve as a basis for liability under

either federal or Georgia law."   Doc. No. [13], p. 8. Defendants state:

"[i]rrespective of the limitations issue, the law is abundantly clear that, at the

---

Therefore, the Court cannot determine the statute of limitations based upon the date of the
dismissal of the original indictment.

AO 72A
(Rev.8/82)

very least, the allegations regarding Bastis's testimony (at either the probable cause hearing or before the grand jury) cannot support Plaintiff's malicious prosecution claims."  Doc. No. [13], p. 9.

The Court agrees that a malicious prosecution claim based on Detective Bastis's testimony at the probable cause and grand jury proceedings is barred by the doctrine of absolute immunity.  See Rehberg v. Paulk, 566 U.S. 356, 369 (2012) (" . . . we conclude that grand jury witnesses should enjoy the same immunity as witnesses at trial. This means that a grand jury witness has absolute immunity from any § 1983 claim based on the witness' testimony. In addition, as the Court of Appeals held, this rule may not be circumvented by claiming that a grand jury witness conspired to present false testimony or by using evidence of the witness' testimony to support any other § 1983 claim concerning the initiation or maintenance of a prosecution.") and Scarbrough v. Myles, 245 F.3d 1299, 1305 (11th Cir. 2001) ("Because a preliminary hearing [to determine probable cause] is a judicial proceeding, [a police officer/detective] enjoys absolute immunity from civil liability damages resulting from his testimony.  He also has absolute immunity from state-law claims").[10]

---

[10] The absolute immunity ruling does not apply to allegations concerning falsification of police reports and suppression of exculpatory evidence.  See Rehberg, 566 U.S. 356, 370 n.1

### 3. **Punitive Damages under § 1983**

Plaintiff concedes that Defendant County is immune from punitive damages under 42 U.S.C. § 1983.  Doc. No. [10], p. 3.  As a party may not amend his pleadings in a brief, the Court will permit repleading to reflect this concession.

### D. **Declaratory Relief**

In his response brief, Plaintiff states that "he will drop his declaratory-judgment claims." Doc. No. [10], p. 3.  As a party may not amend his pleadings in a brief, the Court will permit repleading to reflect this concession.

### E. **State Law Claims**

In their motion, Defendants acknowledge that Plaintiff "apparently pleads a state law claim for malicious prosecution against Cobb County." Doc. No. [8], p. 18.  Defendants state that Plaintiff's "claim under Georgia law against Cobb County is barred by the County's state law sovereign immunity." Id.

In opposition, Plaintiff states that sovereign immunity does not apply to a § 1983 claim.  Doc. No. [10], p. 20.

---

("Of course, we do not suggest that absolute immunity extends to all activity that a witness conducts outside of the grand jury room. For example, we have accorded only qualified immunity to law enforcement officials who falsify affidavits, and fabricate evidence concerning an unsolved crime) (citations omitted).

However, Defendants (in their reply brief) clarify that they were only raising sovereign immunity as to any state law claims for malicious prosecution against Cobb County (and Defendant Bastis in his official capacity).[11]  Doc. No. [13], p. 8.

The Court agrees that the doctrine of sovereign immunity applies to a state law malicious prosecution claim Cobb County (and Defendant Bastis in his official capacity). See Woodard v. Laurens Cty., 265 Ga. 404, 405, 456 S.E.2d 581, 582 (1995) ("Unless sovereign immunity has been waived, that defense bars . . . claims against [the] County, the . . . commissioners, and the . . . county employees in their official capacities."); and Farr v. Hall Cty., Ga., No. 2:11-CV-00074-RWS, 2011 WL 5921462, at *4 (N.D. Ga. Nov. 28, 2011) (dismissing state law malicious prosecution claims (against county) based on sovereign immunity).

## CONCLUSION

Defendants' Motion to Dismiss Plaintiff's First Amended Complaint (Doc. No. [8]) is hereby **GRANTED IN PART (WITHOUT PREJUDICE TO REPLEADING)** as to the Monell claims against Defendant Cobb County,

---

[11]  The Court notes that the case-style of the amended complaint names Detective Basis "in his individual and official capacities."  Doc. No. [5], p. 1.

Georgia; **GRANTED WITH PREJUDICE** as to any state law malicious prosecution claim, **MOOT** as to the punitive damages and declarative relief claims (based on Plaintiff's concessions in Doc. No. [10]), and **DENIED** as to the remainder of the claims in the Complaint.

As it appears that Plaintiff may possibly be able to allege facts that state a Monell claim under a more properly drafted complaint, in the interest of caution, the Court will permit Plaintiff to file a Third Amended Complaint that meets the pleading requirements of federal law.  If he so chooses to file a Third Amended Complaint, Plaintiff may file his amended complaint within **fourteen (14) days** of the entry of this Order.[12]

**IT IS SO ORDERED,** this 17th day of February, 2017.

s/Steve C. Jones
HONORABLE STEVE C. JONES
UNITED STATES DISTRICT JUDGE

---

[12]   Plaintiff is cautioned that the Court will view the amended complaint as superseding and entirely replacing the original complaint and second amended complaint; therefore, the third amended complaint must contain clear and concise allegations fully stating the basis for his claims.

AO 72A
(Rev.8/82)