# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

JUAN PEREZ,                          )
        Plaintiff,                )
v.                                   )     CIVIL ACTION FILE NO.
                                     )     1:16-cv-00902-SCJ
COBB COUNTY and THOMAS               )
BASTIS, in his individual and        )
Official Capacities                  )
        Defendants.                )

## DEFENDANT THOMAS BASTIS'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

COMES NOW Defendant Thomas Bastis and Answers Plaintiff's First Amended Complaint as follows:

## FIRST DEFENSE

The Complaint fails to state a claim against Defendants upon which relief can be granted.

## SECOND DEFENSE

Some or all of Plaintiff's claims may be barred by waiver and/or estoppel.

## THIRD DEFENSE

Plaintiff's claims against Thomas Bastis in his individual capacity are barred by the doctrine of qualified immunity.

## FOURTH DEFENSE

Some or all of Plaintiff's claims may be barred by applicable statutes of limitations.

## FIFTH DEFENSE

Some or all of Plaintiff's state law claims may be barred because of Plaintiff's failure to provide sufficient *ante litem* notice pursuant to O.C.G.A. §§ 36-11-1, *et seq.*

## SIXTH DEFENSE

Some or all of Plaintiff's claims for damages, if any, were caused by acts and/or by the failure to act of persons and/or entities other than Defendant.

## SEVENTH DEFENSE

Plaintiff's state law claims are barred by the doctrines of sovereign and official immunity.

## EIGHTH DEFENSE

Defendant denies that Plaintiff was subjected to the deprivation of any rights or privileges secured by the Constitution or by federal or state laws.

## NINTH DEFENSE

Defendant denies any breach, by any act or omission to act, of any duty owed to Plaintiff.

## TENTH DEFENSE

To the extent that Plaintiff seeks punitive damages, such damages are barred or limited in accordance with federal and/or state law. Moreover, the alleged acts and omissions of Defendant fail to rise to the level required to sustain an award of punitive damages, and in any event do not approach wanton or willful misconduct.

## ELEVENTH DEFENSE

Defendant responds to the statements and individually numbered paragraphs of the Complaint as follows:

## INTRODUCTION

1.

**ALLEGATION:** This is a 42 U.S.C. § 1983 case involving what one detective described as "bizarre" allegations of sexual abuse involving the Perezes' four-year-old daughter, allegations coming from Mr. Perez's now ex-wife during an acrimonious divorce. Detective Bastis ignored evidence—and another detective's findings—of Mr. Perez's innocence, filed false police reports, and gave false testimony. And so Mr. Perez was falsely accused of aggravated sodomy and child molestation. Then he was arrested, strip-searched, and jailed for 27 days without bond. When he got out, he was left homeless for six months—in effect, still a prisoner of Cobb County until the charges were dismissed. Mr. Perez sues to recover for the deprivation of his civil rights and his injuries.

**ANSWER:** Defendant admits Plaintiff has filed his Complaint as a 42 U.S.C. § 1983 claim based on his arrest for aggravated sodomy following allegations he sexually abused his then four-year-old daughter. Defendant is without sufficient information to admit or deny the allegations regarding Plaintiff's treatment or conditions after arrest, and therefore denies those allegations. Defendant denies any remaining allegations of this paragraph.

## PARTIES, JURISDICTION AND VENUE

### 2.

**ALLEGATION:** Plaintiff Juan Perez is a Chilean citizen and formerly a legal resident of the United States. By filing this First Amended Complaint, he avails himself of this Court's jurisdiction and venue.

**ANSWER:** The allegations contained in this paragraph are not directed at this Defendant; thus, Defendant is without sufficient information to admit or deny the allegations as stated, and therefore, denies the allegations as stated.

### 3.

**ALLEGATION:** Defendant Cobb County (the "County") is a political subdivision of the State of Georgia that can sue and be sued, residing within the Atlanta Division of the Northern District of Georgia. The Cobb County Board of Commissioners is the County's governing authority. Under Federal Rule of Civil Procedure 4(j)(2) and § 9-11-4(e)(5), the County may be served with process

through the Board's chairman, Tim Lee, at 100 Cherokee Street, Marietta, Georgia 30090, or wherever else he may be found and served by law. The Court has personal jurisdiction over the County.

**ANSWER:** The allegations contained in this paragraph are not directed at this Defendant; thus, Defendant is without sufficient information to admit or deny the allegations as stated, and therefore, denies the allegations as stated.

4.

**ALLEGATION:** Defendant Thomas Bastis is a detective employed by the Cobb County Police Department (the "County Police"). His actions here were ministerial, not discretionary, and he was acting within the scope of his employment. In the alternative, if his actions were discretionary, then they were done with willfulness, malice, and corruption and with the intent to cause injury. He too resides within the Atlanta Division of the Northern District of Georgia. Under Federal Rule of Civil Procedure 4(e) and O.C.G.A. § 9-11-4(e)(7), he may be served with process at 141 Berkshire Drive, Hiram, Georgia 30141, or wherever else he may be found and served by law. This Court has personal jurisdiction over Detective Bastis.

**ANSWER:** Defendant admits that he is a detective employed by Cobb County, and that at all times relevant to this case, he was acting within the scope of his employment and discretionary authority as a law enforcement officer.

Defendant further admits that he resides within the Atlanta Division of the Northern District of Georgia, he has been served with process, and this Court has personal jurisdiction over him. Defendant denies any remaining allegations of this paragraph.

5.

**ALLEGATION:**  Mr. Perez provided the Defendants with proper *ante litem* notice, including under O.C.G.A. § 36-11-1.  He has satisfied all prerequisites for his claims here.

**ANSWER:**  Defendant is without sufficient information to admit or deny the allegations of this paragraph.

6.

**ALLEGATION:**  This Court has subject-matter jurisdiction here under 28 U.S.C §§ 1331 and 1343(a)(3)-(4) because this case arises under 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments to the United States Constitution. At all relevant times, the Defendants acted under color of the statutes, ordinances, regulations, customs, and usages of the County and the State of Georgia. Mr. Perez's claim for declaratory judgment is authorized by 28 U.S.C. §§ 2201 and 2202. And the Court has supplemental jurisdiction over his state-law claim under 28 U.S.C. § 1367.

**ANSWER:** Defendant admits that this Court has subject matter jurisdiction over this case. The statutes and constitutional amendments cited speak for themselves. Defendant incorporates and relies on his previous admission that at all times relevant to this case, he was acting within the scope of his employment and discretionary authority as a law enforcement officer for Cobb County. Defendant denies any remaining allegations as stated.

7.

**ALLEGATION:** Venue is proper in this district under 28 U.S.C. § 1391(b)(2) because a substantial part of the events and omissions giving rise to the claims here occurred in Cobb County, Georgia, which is within the Northern District of Georgia. Venue is proper in this division under Local Rule 3.1B(3) because the cause of action arose here.

**ANSWER:** Defendant admits venue is proper in this district. Defendant denies any allegations that he violated any constitutional or statutory rights of Plaintiff.

## FACTUAL ALLEGATIONS

8.

**ALLEGATION:** The County has a persistent and wide-spread pattern and a permanent and well-settled practice of violating civil rights. Here is a small sample of violations that made it to this Court:

- *Jordan v. Cobb County*, No. 1:99-cv-2837 (N.D. Ga. 1999).

- *Murdock v. Cobb County*, No. 1:12-cv-01743 (N.D. Ga. 2012).

- *Barnes v. Cobb County*, No. 1:14-cv-00948 (N.D. Ga. 2014).

**ANSWER:** The allegations contained in this paragraph are not directed at this Defendant; thus, Defendant is without sufficient information to admit or deny the allegations as stated, and therefore, denies the allegations as stated.

9.

**ALLEGATION:** The County tacitly authorizes repeated constitutional violations or displays of deliberate indifference toward police misconduct, making its failure to correct constitutionally offensive actions the County's custom or policy. That is confirmed by a recent incident involving County Commissioner Lisa Cupid. After a County police officer harassed and intimidated her, she wrote a memorandum to the County noting that police misconduct is "protocol and prevalent."[2]

**ANSWER:** The allegations contained in this paragraph are not directed at this Defendant; thus, Defendant is without sufficient information to admit or deny the allegations as stated, and therefore, denies the allegations as stated.

10.

**ALLEGATION:** In 2012, Mr. Perez and his former wife, Amanda Perez, were embroiled in a bitter custody–visitation dispute over their four-year-old

daughter, GP.  As happens all too often in custody-visitation disputes, one party

endeavors to smite the other. Here, that was Ms. Perez. She began by falsely

reporting to the Department of Family and Children Services ("DFACS") that Mr.

Perez had sexually abused GP.

**ANSWER:**  The allegations contained in this paragraph are not directed at

this Defendant and he does not have personal knowledge concerning them; thus,

Defendant is without sufficient information to admit or deny the allegations as

stated, and therefore, denies the allegations as stated.

11.

**ALLEGATION:**   But Mr. Perez has never sexually abused GP, and he

never would.

**ANSWER:**  Defendant believes he had probable cause to arrest Plaintiff for

sexually abusing GP. The allegations contained in this paragraph, however, are not

directed at this Defendant; thus, Defendant is without sufficient information to

admit or deny the allegations as stated, and therefore, denies the allegations as

stated.

12.

**ALLEGATION:**   Detective Carol Largent of the County Police's Crimes

Against Children Unit—a seasoned detective and an authority on child sex

crimes—thoroughly investigated Ms. Perez's allegations:

- She conducted a forensic evaluation of GP, who said nothing of sexual abuse, or any abuse for that matter.

- She reviewed the results of a sexual-assault examination of GP in which the physician concluded that GP had not been sexually assaulted.

- And she interviewed Mr. Perez, who waived his rights to counsel and to remain silent.

**ANSWER:** The allegations contained in this paragraph are not directed at this Defendant and he does not have personal knowledge concerning them; thus, Defendant is without sufficient information to admit or deny the allegations as stated, and therefore, denies the allegations as stated.

13.

**ALLEGATION:** Based on her investigation and the medical findings, Detective Largent concluded that Mr. Perez should not be charged. So the matter was inactivated in July 2012.

**ANSWER:** Defendant admits the case was closed in July 2012. Any remaining allegations contained in this paragraph are not directed at this Defendant and he does not have personal knowledge concerning them; thus, Defendant is without sufficient information to admit or deny the allegations as stated, and therefore, denies the allegations as stated.

14.

**ALLEGATION:** Unsatisfied and undeterred, Ms. Perez took GP to the

Medlin Treatment Center ("Medlin") where Ms. Perez told a psychologist the sexual-abuse story. But not once in GP's first hour-long session with the psychologist did she suggest that she had been sexually abused. Nor did she allege anything that could rationally be construed as sexual abuse. And in the second session, she specifically *denied* sexual abuse.

**ANSWER:** The allegations contained in this paragraph are not directed at this Defendant and he does not have personal knowledge concerning them; thus, Defendant is without sufficient information to admit or deny the allegations as stated, and therefore, denies the allegations as stated.

15.

**ALLEGATION:** Not content with the findings of a physician, a seasoned child-crimes detective, and a psychologist, Ms. Perez took GP back to Medlin for another session with a different psychologist. Although GP described some horseplay in which Mr. Perez purportedly licked her buttocks, she quickly—and without solicitation—corrected herself, saying that it was untrue.

**ANSWER:** The allegations contained in this paragraph are not directed at this Defendant and he does not have personal knowledge concerning them; thus, Defendant is without sufficient information to admit or deny the allegations as stated, and therefore, denies the allegations as stated.

**ALLEGATION:** In fact, when the psychologist reminded GP that she needed to tell the truth, GP denied that Mr. Perez had ever licked her buttocks. She also denied that he had touched her private parts. She denied touching his private parts. She denied that he had exposed himself to her. She denied that she had been asked to show him her private parts. And she denied being exposed to adult nudity or sexuality.

**ANSWER:** The allegations contained in this paragraph are not directed at this Defendant and he does not have personal knowledge concerning them; thus, Defendant is without sufficient information to admit or deny the allegations as stated, and therefore, denies the allegations as stated.

**ALLEGATION:** Detective Largent investigated this new, albeit immediately recanted, allegation. She interviewed GP's psychologist. After that interview and after reviewing the psychologist's report, Detective Largent advised Ms. Perez, "based on the information I had received from Medlin, there did not seem to be a clear indication of sexual abuse."

**ANSWER:** The allegations contained in this paragraph are not directed at this Defendant and he does not have personal knowledge concerning them; thus,

Defendant is without sufficient information to admit or deny the allegations as stated, and therefore, denies the allegations as stated.

18.

**ALLEGATION:**  Even so, Detective Largent diligently continued her investigation, interviewing Mr. Perez for a second time. He again waived his rights and fully cooperated with law enforcement.

**ANSWER:**  The allegations contained in this paragraph are not directed at this Defendant and he does not have personal knowledge concerning them; thus, Defendant is without sufficient information to admit or deny the allegations as stated, and therefore, denies the allegations as stated.

19.

**ALLEGATION:**  Detective Largent also interviewed Ms. Perez's sister, Anna Morales. Morales described the allegations as "ridiculous," saying that Ms. Perez just wanted Mr. Perez out of GP's life. This is consistent with the findings of the DFACS case- worker, who noted that the Perezes "are going through a nasty divorce, where they are constantly accusing each other of things."

**ANSWER:**  The allegations contained in this paragraph are not directed at this Defendant and he does not have personal knowledge concerning them; thus, Defendant is without sufficient information to admit or deny the allegations as stated, and therefore, denies the allegations as stated.

20.

**ALLEGATION:** Detective Largent inactivated the case again in September 2012, concluding that there "did not appear to be a clear indication of sexual abuse," and describing the allegations as "bizarre."

**ANSWER:** The allegations contained in this paragraph are not directed at this Defendant and he does not have personal knowledge concerning them; thus, Defendant is without sufficient information to admit or deny the allegations as stated, and therefore, denies the allegations as stated.

21.

**ALLEGATION:** Unhappy with Detective Largent's decision not to charge Mr. Perez, Ms. Perez took matters into her own hands, denying Mr. Perez any contact with GP and forcing her to continue unnecessary therapy. Over the next 16 months, GP made wildly inconsistent statements to her psychologist. The psychologist—who is required by law to report child abuse—never notified the County Police of any new allegations against Mr. Perez for a simple reason: there were none.

**ANSWER:** The allegations contained in this paragraph are not directed at this Defendant and he does not have personal knowledge concerning them; thus, Defendant is without sufficient information to admit or deny the allegations as stated, and therefore, denies the allegations as stated.

## 22.

**ALLEGATION:** In fact, GP repeatedly denied sexual abuse and denied anything that could reasonably be construed as sexual abuse:

- October 12, 2012—GP specifically "denied that her father touched her … butt" and "denied any touching between herself and her father."

- October 17, 2012—GP said she did not want her father to move away and that "she wants to see her father … that she misses him."

- January 11, 2013—GP again denied any sexual abuse, expressing no memory of her father touching her private parts.

- January 25, 2013—GP again denied any sexual abuse and "denied recalling that [her father] touched her inappropriately. She denied remembering that she ever told someone that her father touched her."

- January 3, 2014—GP denied any sexual abuse.

**ANSWER:** The allegations contained in this paragraph are not directed at this Defendant and he does not have personal knowledge concerning them; thus, Defendant is without sufficient information to admit or deny the allegations as stated, and therefore, denies the allegations as stated.

## 23.

**ALLEGATION:** From his home in Chile, Mr. Perez continued to pursue visitation rights. He turned down Ms. Perez's offer to terminate child-support

obligations and forgive a $50,000 debt if he would relinquish his parental rights. He even agreed to fly from Chile to the United States to undergo an evaluation by GP's psychologist.

**ANSWER:** The allegations contained in this paragraph are not directed at this Defendant and he does not have personal knowledge concerning them; thus, Defendant is without sufficient information to admit or deny the allegations as stated, and therefore, denies the allegations as stated.

24.

**ALLEGATION:** Over a year after the investigation was inactivated for a second time and with the custody–visitation battle still raging, Ms. Perez pressured the County Police to re-open the investigation. She called the County Police's Crimes Against Children Office, making false allegations about GP's statements in therapy.

**ANSWER:** The allegations contained in this paragraph are not directed at this Defendant and he does not have personal knowledge concerning them; thus, Defendant is without sufficient information to admit or deny the allegations as stated, and therefore, denies the allegations as stated.

25.

**ALLEGATION:** But in the year since Detective Largent had inactivated the case, Mr. Perez had had no contact with GP: he had been out of the country, on

a different continent, in a different hemisphere. Nor had GP's psychologists notified the County Police of any new allegations of abuse—there were none.

**ANSWER:** The allegations contained in this paragraph are not directed at this Defendant and he does not have personal knowledge concerning them; thus, Defendant is without sufficient information to admit or deny the allegations as stated, and therefore, denies the allegations as stated.

26.

**ALLEGATION:** By then Detective Largent had retired, and the case was reassigned to Detective Bastis. He abandoned Detective Largent's diligent approach, opting instead for one of malice and corruption.

**ANSWER:** Defendant admits Largent had retired, and that the case was reassigned to him. Defendant denies any remaining allegations of this paragraph.

27.

**ALLEGATION:** Detective Bastis manufactured a case against Mr. Perez by ignoring obvious—indeed overwhelming—evidence of innocence and filing false police reports. In one report, for example, he claimed that Detective Largent had not interviewed GP or any of the parties. But Detective Largent had interviewed GP. She had also interviewed Mr. Perez—twice.

**ANSWER:** Defendant denies manufacturing a case against Plaintiff, ignoring any evidence of innocence, or filing false police reports. The records

related to Cobb County Police Criminal Case No. 12089190, including all reports, speak for themselves. Defendant denies any remaining allegations of this paragraph.

28.

**ALLEGATION:** In a supplemental report, Detective Bastis summarized GP's sessions at Medlin, claiming her only consistent disclosure was that Mr. Perez "licks her butt." Nowhere in that report did Detective Bastis indicate that GP immediately recanted that statement. Nor did he mention the six sessions in which she specifically denied any abuse.

**ANSWER:** The records related to Cobb County Police Criminal Case No. 12089190, including all reports, speak for themselves. Defendant denies the allegations of this paragraph.

29.

**ALLEGATION:** What is more, Detective Bastis himself interviewed GP, and again, she never suggested that Mr. Perez had sexually abused her. This would be one of many pieces of exculpatory evidence that the detective suppressed.

**ANSWER:** Defendant admits that he interviewed GP and that during that interview, she did not allege Plaintiff sexually abused her. Defendant denies any remaining allegations of this paragraph.

30.

**ALLEGATION:** A few days later, Detective Bastis interviewed GP's therapist and reviewed her treatment records. In so doing, he learned that GP had not made consistent allegations of sexual abuse. To the contrary, she had repeatedly denied any kind of sexual abuse. The Medlin reports were brimming with exculpatory evidence.

**ANSWER:** Defendant admits he interviewed GP's psychologist and reviewed her treatment records, which speak for themselves. Defendant denies any remaining allegations of this paragraph.

31.

**ALLEGATION:** That same day, Ms. Perez emailed Detective Bastis directly (calling him "Tom"), claiming that Mr. Perez would be returning to the United States soon, and claiming she did not know his plans but insinuating something nefarious. (Mr. Perez was just returning for a psychological examination with GP's psychologist to get visitation rights.)

**ANSWER:** Defendant admits he received an email from Ms. Perez on January 14, 2014, which speaks for itself. Defendant is without sufficient information to admit or deny any remaining allegations of this paragraph and therefore, denies said allegations, as stated.

32.

**ALLEGATION:** A week later—without any additional investigation—Detective Bastis got an arrest warrant for Mr. Perez on charges of aggravated sodomy and child molestation. Here is some of the exculpatory evidence Detective Bastis omitted when he sought the warrant:

- The forensic interview of GP where she denied any sexual abuse.

- The Medlin reports which contain repeated, specific denials of sexual abuse in no less than six separate sessions.

- The DFACS reports substantiating that there had been no abuse.

- The context—a "nasty" divorce and Mr. Perez voluntarily returning to the United States just before a scheduled psychological examination for visitation rights.

- The two interviews of Mr. Perez in which he waived his rights.

- The conclusion Detective Largent reached: that there "did not appear to be a clear indication of sexual abuse."

- The second interview of GP—which Detective Bastis conducted himself—in which she alleged no sexual abuse.

**ANSWER:** Defendant admits that based on his investigation, he obtained an arrest warrant for Plaintiff on January 21, 2014 for charges of aggravated sodomy and child molestation. Defendant denies any remaining allegations of this paragraph.

**ALLEGATION:**  In short, Detective Bastis had

- no physical evidence of abuse,

- no medical evidence of abuse,

- no eyewitness to any abuse,

- no admission and no confession,

- no substantiation from the DFACS investigation,

- no report of abuse from GP's psychologist,

- no probable cause found by Detective Largent, and

- GP's repeated denials of abuse.

Yet Detective Bastis convinced a magistrate to issue an arrest warrant by intentionally omitting exculpatory evidence and by presenting Ms. Perez's story, which even her sister called "ridiculous."

**ANSWER:**  Defendant admits that based on his investigation, he sought and obtained an arrest warrant from a magistrate. Defendant denies any remaining allegations of this paragraph.

34.

**ALLEGATION:**  On February 5, 2014, Mr. Perez flew from Chile to Georgia for a psychological evaluation to get visitation with his daughter. When he

arrived at Hartsfield-Jackson International Airport, armed law enforcement agents seize him, hand-cuffed him, and locked him up.

**ANSWER:** Defendant admits Plaintiff was arrested by law enforcement agents at Hartsfield-Jackson International Airport on February 5, 2014. Defendant is without sufficient information to admit or deny the remaining allegations of this paragraph and therefore, denies said allegations.

35.

**ALLEGATION:** Mr. Perez's arrest was objectively unreasonable.

**ANSWER:** Defendant denies the allegations of this paragraph.

36.

**ALLEGATION:** From there, the authorities took him to the Cobb County Adult Detention Center where he was ordered to undress and was strip-searched. Compounding that trauma, Mr. Perez was then advised that he was charged with sexually abusing his daughter.

**ANSWER:** The allegations contained in this paragraph are not directed at this Defendant; thus, Defendant is without sufficient information to admit or deny the allegations as stated, and therefore, denies the allegations as stated.

37.

**ALLEGATION:**  Mr. Perez languished in jail for 27 days without bond.

**ANSWER:**  The allegations contained in this paragraph are not directed at this Defendant; thus, Defendant is without sufficient information to admit or deny the allegations as stated, and therefore, denies the allegations as stated.

38.

**ALLEGATION:**  Less than two months before the hearing, Detective Bastis interviewed GP, using anatomical drawings to ask her about sexual abuse. GP again disclosed no sexual abuse.

**ANSWER:**  Defendant is unable to ascertain the timing of the interview alleged. Defendant admits interviewing GP for the purpose of investigating alleged sexual abuse, and that she did not disclose any direct evidence of "sexual abuse" at that time. Defendant denies any remaining allegations of this paragraph as stated.

39.

**ALLEGATION:**  In a March 4, 2014, probable-cause hearing Detective Bastis gave false testimony:

| Detective Bastis's Testimony | What Really Happened |
|---|---|
| "Dr. Gifford said that the first few sessions with [GP], that she did disclose that she had sat on her father's face while naked, and he had licked her butt; specifically, the inside of her butt. Dr. Gifford stated from that [sic] August 2012, until October 2012, she was consistent with that disclosure." | • During the first session with Dr. Gifford on August 1, 2012, GP made no allegations of sexual abuse.<br>• During the second session on August 8, 2012, GP *denied* that her father had touched her private parts.<br>• During the third session on August 15, 2012, GP *denied* that her father licked her butt. |
| In response to the court's question about "new or different" disclosures aside from the recanted one, Detective Bastis responded, "Through therapy, yes. In September, and she continued in October of 2012, continued consistent disclosure of what the charges are, of her sitting on her father's face and him licking her butt. She was consistent with that." | There was no new or different disclosure. In fact, there were only denials of any abuse—repeated denials on at least six separate occasions. |
| When the court asked if there was anything in Detective Largent's file indicating why she inactivated the investigation, Detective Bastis evaded the question. | Detective Largent's reason: "The allegations in this case, although bizarre, do not appear to be a clear indication of sexual abuse. There is *insufficient evidence to take legal action* in this case, it will therefore be place on inactive status." |

**ANSWER:** Defendant's testimony at the March 4, 2014 probable cause hearing speaks for itself. Defendant denies providing false testimony. Defendant denies any remaining allegations of this paragraph. Moroever, Plaintiff's

"allegation" in this paragraph fails to adhere to Federal Rule of Civil Procedure 8(d), which provides "[e]ach allegation must be simple, concise, and direct."

40.

**ALLEGATION:** Detective Bastis also withheld the result of his recent interview with GP in which she denied any improper touching even when the detective prompted her with anatomical drawings.

**ANSWER:** Defendant denies the allegations of this paragraph.

41.

**ALLEGATION:** Because of Detective Bastis's false testimony, the magistrate court found probable cause, specifically relying on "the fact that the child … has been consistent in the essential parts" of the allegations. But the only consistent statements GP made were *denials* of sexual abuse of any kind.

**ANSWER:** Defendant admits that the magistrate court found that there was probable cause that Plaintiff committed aggravated sodomy against GP. Defendant denies any remaining allegations of this paragraph.

42.

**ALLEGATION:** Although the magistrate court set bond, the conditions—because of Detective Bastis's false testimony—prohibited Mr. Perez from having any contact with GP and required that he surrender his passport and remain in the County. This left Perez homeless for the next six months, a prisoner in the County.

**ANSWER:** Defendant is without sufficient information to admit or deny any allegation concerning Plaintiff's living situation after release, and therefore, denies said allegations. Defendant denies any remaining allegations of this paragraph.

43.

**ALLEGATION:** In a June 2014 grand-jury hearing, held in secret, Detective Bastis testified as the only witness, presumably giving the same false testimony he did before. With no rebuttal evidence, it should come as no surprise that the grand jury indicted Mr. Perez on two counts of aggravated sodomy and one count of child molestation.

**ANSWER:** Defendant denies providing false testimony. Defendant denies any remaining allegations of this paragraph.

44.

**ALLEGATION:** Mr. Perez challenged the legality of that indictment.

**ANSWER:** The allegations contained in this paragraph are not directed at this Defendant; thus, Defendant is without sufficient information to admit or deny the allegations as stated, and therefore, denies the allegations as stated.

45.

**ALLEGATION:** In August 2014, a second grand jury convened to consider the case against Mr. Perez—the same case presented to the grand jury in

June. Again, Detective Bastis told his story. But this time the District Attorney had had a chance to review the file, and the grand jury declined to indict Mr. Perez on a single charge.

**ANSWER:** Defendant admits that he gave testimony to a grand jury in August, 2014 concerning the charges against Plaintiff, and the grand jury returned a No Bill. Defendant is without sufficient information to admit or deny the remaining allegations of this paragraph and therefore, denies said allegations.

46.

**ALLEGATION:** The Cobb County Superior Court dismissed the original indictment. Now there are no charges pending against Mr. Perez.

**ANSWER**: Defendant is without sufficient information to admit or deny the allegations of this paragraph.

47.

**ALLEGATION:** At bottom, the Defendants never had even arguable probable cause to arrest Mr. Perez. They never had even arguable probable cause to prosecute him. And Detective Bastis' actions were objectively unreasonable; no reasonable officer would have done what he did.

**ANSWER:** Defendant denies the allegations of this paragraph.

# LEGAL LIABILITY

## Count I

## Violation of the Fourth and Fourteenth Amendments Under 42 U.S.C. § 1983

48.

**ALLEGATION:**  Mr. Perez incorporates the above paragraphs verbatim into this Count.

**ANSWER:**  Defendant incorporates the above responses verbatim into this answer.

49.

**ALLEGATION:**  Mr. Perez has a Fourth Amendment right not to be arrested or seized without probable cause. The County and Detective Bastis had fair warning of that right.

**ANSWER:**  Defendant admits Plaintiff has a Fourth Amendment right not to be arrested or seized without probable cause, and that Defendant had fair warning of that right. Any remaining allegations contained in this paragraph are not directed at this Defendant; thus, Defendant is without sufficient information to admit or deny said allegations.

50.

**ALLEGATION:**  Detective Bastis is liable for violating § 1983 because he intentionally committed acts, acting under color of law, that deprived Mr. Perez of

his constitutional rights under the Fourth and Fourteenth Amendments.

**ANSWER:** Defendant denies the allegations of this paragraph.

51.

**ALLEGATION:** In light of the duties assigned to Detective Bastis, the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the County can reasonably be said to have been deliberately indifferent to the need. The County is liable for violating § 1983 because its inadequate training and supervision caused, or contributed to causing, Detective Bastis to intentionally commit acts, acting under color of law, that deprived Mr. Perez of his constitutional rights under the Fourth and Fourteenth Amendments.

**ANSWER:** Defendant denies the allegations of this paragraph.

52.

**ALLEGATION:** The County is also liable for violating § 1983 because Detective Bastis's conduct is the product of the County's unlawful customs, policies, and practices. Those customs, policies, and practices are evident from, among other things, repeated incidents where the County's agents, acting under color of law, intention- ally deprive citizens of constitutional rights.

**ANSWER:** Defendant denies the allegations of this paragraph.

53.

**ALLEGATION:** As a direct and proximate result of the Defendants' unlawful actions, Mr. Perez has suffered and will continue to suffer damages in an amount to be determined by the enlightened conscience of the jury.

**ANSWER:** Defendant denies the allegations of this paragraph.

## COUNT II

### Malicious Prosecution

54.

**ALLEGATION:** Mr. Perez incorporates the above paragraphs verbatim into this Count.

**ANSWER:** Defendant incorporates the above responses verbatim into this answer.

55.

**ALLEGATION:** Mr. Perez was subjected to a criminal prosecution instigated by the Defendants that was carried on maliciously and without probable cause.

**ANSWER:** Defendant denies the allegations of this paragraph.

56.

**ALLEGATION:** As a direct and proximate result of the Defendants' malicious prosecution, Mr. Perez has suffered and will continue to suffer damages

in an amount to be determined by the enlightened conscience of the jury.

**ANSWER:** Defendant denies the allegations of this paragraph.

## COUNT III
## Punitive Damages

### 57.

**ALLEGATION:** Mr. Perez incorporates the above paragraphs verbatim into this Count.

**ANSWER:** Defendant incorporates the above responses verbatim into this answer.

### 58.

**ALLEGATION:** The Defendants' actions show willful misconduct, fraud, wantonness, oppression, and that entire want of care that would raise the presumption of con- scious indifference to the consequences. Their actions also show malice or reckless indifference to Mr. Perez's federally protected rights.

**ANSWER:** Defendant denies the allegations of this paragraph.

### 59.

**ALLEGATION:** Mr. Perez is entitled to punitive damages, including under O.C.G.A. § 51-12-5.1.

**ANSWER:** Defendant denies the allegations of this paragraph.

## GENERAL DENIAL

Defendant denies any alleged violations or that plaintiff is entitled to any of the relief and/or damages listed.

All allegations of the Complaint not specifically referred to herein are denied.  Defendant further denies that Plaintiff is entitled to any relief whatsoever.

## DEMAND FOR JURY TRIAL

Defendant demands a jury trial on all issues triable by jury.

WHEREFORE, Defendant demands that the Complaint be dismissed, judgment be entered in Defendant's favor, all costs be cast upon Plaintiff, and that Defendant have such other and further relief as this Court deems appropriate. This document was prepared using Times New Roman 14 point font.

Respectfully submitted this 3rd day of March, 2017.

Respectfully Submitted,

s/ George M. Weaver
George M. Weaver                743150

HOLLBERG & WEAVER, LLP
2921 Piedmont Road, N.E., Suite C
Atlanta, Georgia 30305
(404) 760-1116
gweaver@hw-law.com

s/ Austin D. Roberson
Deborah L. Dance                203765
H. William Rowling, Jr.         617225
Austin D. Roberson              850334

Cobb County Attorney's Office
100 Cherokee Street, Suite 350
Marietta, Georgia 30090
(770) 528-4000
ddance@cobbcounty.org
browling@cobbcounty.org
austin.roberson@cobbcounty.org

                              Attorneys for Defendants Cobb County,
                              Georgia and Tom Bastis

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | | |
|---|---|---|
| JUAN PEREZ, | ) | |
| Plaintiff, | ) | |
| v. | ) | CIVIL ACTION FILE NO. |
| | ) | 1:16-cv-00902-SCJ |
| COBB COUNTY and THOMAS | ) | |
| BASTIS, in his individual and | ) | |
| Official Capacities | ) | |
| Defendants. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that I have this day electronically filed the foregoing DEFENDANT THOMAS BASTIS'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

> Kenneth B. Hodges III, Esq.
> Andre T. Tennille III, Esq.
> KEN HODGES LAW LLC
> 2719 Buford Highway, N.E.
> Atlanta, Georgia 30324

H. Maddox Kilgore, Esq.
Carlos J. Rodriguez, Esq.
KILGORE & RODRIGUEZ LLC
36 Ayers Avenue
Marietta, Georgia 30060

This 3rd day of March, 2017.

                                        s/ George M. Weaver
                                        George M. Weaver          743150
HOLLBERG & WEAVER, LLP
2921 Piedmont Road, N.E., Suite C
Atlanta, Georgia 30305
(404) 760-1116
gweaver@hw-law.com                      Attorneys for Defendants Cobb County,
                                        Georgia and Tom Bastis