UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JUAN PEREZ,<br><br>    Plaintiff,<br><br>v.<br><br>COBB COUNTY and THOMAS BASTIS, in his individual and official capacities,<br><br>    Defendants. | Civil Action No. 1:16-cv-00902-SCJ |

**JUAN PEREZ'S OPPOSITION TO COBB COUNTY'S SECOND MOTION TO DISMISS**

**Introduction**

Cobb County's Motion should be denied because Juan Perez's claim against the County is plausible. A County Commissioner has admitted that police misconduct there is "protocol and prevalent." The County cites no case—and Perez is aware of none—in which a commissioner's admission so closely tracks the language of municipal liability.

Although Perez need not provide detailed factual allegations, he alleges several instances in which Detective Thomas Bastis falsified reports with his supervisor's approval, and the County did nothing about

it. Those facts show tacit authorization, deliberate indifference, or both. They make Perez's claim plausible, precluding dismissal.

## Factual Background

Perez has pleaded that the County has a persistent and widespread pattern of violating civil rights. 2d Amended Compl. ¶ 8. That is confirmed by an incident in which the County police "harassed and intimidated" County Commissioner Lisa Cupid. *Id.* Afterward, she wrote a memorandum to the County, describing police misconduct as "protocol and prevalent." *Id.*

The County also tacitly authorizes repeated constitutional violations or is deliberately indifferent to them. *Id.* When Detective Bastis falsified his initial report, his supervisor signed off on it. *Id.* ¶ 9. When he falsified his supplemental report, the supervisor approved that one, too. *Id.* The supervisor approved the false statements in those reports. *Id.* ¶ 29. And the County did nothing to correct either of them. *Id.* ¶ 29.

"This shows that the County's 'prevalent' police misconduct, as Commissioner Cupid put it—that is, its custom and practice—contributed to causing … Perez's malicious prosecution." *Id.* ¶ 29. Because of that customary misconduct, Perez alleges, he was arrested, strip-

searched, and jailed for 27 days. *Id.* ¶¶ 1, 9, 29. Then he was left homeless in the County until a grand jury refused to indict him. *Id.* ¶¶ 1, 46.

## Argument

**Because Perez has alleged facts showing that the County has a custom of violating civil rights, the Motion should be denied.**

Perez need only allege plausible grounds for his claim; "'detailed factual allegations' are not required." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)). The Court must accept his allegations as true and construe them in his favor. *See, e.g.*, *Hunt v. Aimco Properties, L.P.*, 814 F.3d 1213, 1221 (11th Cir. 2016) (reversing dismissal even though plaintiff failed to state a prima facie case). He meets this standard. Two reasons—either of which suffices—bear this out.

### A.  A County Commissioner has admitted that police misconduct is "protocol and prevalent."

The Commissioner Cupid incident shows that police misconduct in the County is customary. It shows County policing that is more like carpet bombing than precision striking. It shows, in short, a "widespread practice" that constitutes a "custom or usage." *Griffin v. City of*

— 3 —
JUAN PEREZ'S OPPOSITION TO COBB
COUNTY'S SECOND MOTION TO DISMISS

*Opa-Locka*, 261 F.3d 1295, 1308 (11th Cir. 2001) (citation omitted). By describing police misconduct as "protocol and prevalent," the Commissioner has, in effect, admitted that it is customary. *See id.*; 2d Amended Compl. ¶ 8. That alone precludes dismissal.

### B. By doing nothing about Detective Bastis falsifying reports, the County tacitly authorized or was deliberately indifferent to that misconduct.

The County is liable here because it "tacitly authorize[d]" Detective Bastis's misconduct or displayed "deliberate indifference" to it. *Griffin*, 261 F.3d at 1308 (quoting *Brooks v. Scheib*, 813 F.2d 1191, 1193 (11th Cir. 1987)). Although the Detective's misconduct was on-going—and although his supervisor approved his false statements—the County did nothing about it. *See* 2d Amended Compl. ¶¶ 1, 9, 29. That is tacit authorization, deliberate indifference, or both. And those facts preclude dismissal.

### Conclusion

Perez's claim against the County is plausible on its face. He has alleged sufficient facts "to raise a reasonable expectation that discovery

will reveal evidence of the [County's] liability." *See Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012) (quoting *Twombly*, 550 U.S. at 556) (internal quotation mark omitted). At bottom, he has given the County ample notice of the claim against it, supported by facts. That's all he needs to do. The Court should thus deny the County's Motion.

Dated: March 31, 2017.     Respectfully submitted,

/s/ *Andre T. Tennille III*
Kenneth B. Hodges III
Georgia Bar No. 359155
Andre T. Tennille III
Georgia Bar No. 940510
KEN HODGES LAW LLC
2719 Buford Highway, N.E.
Atlanta, Georgia 30324
(404) 692-0488
ken@kenhodgeslaw.com
dre@kenhodgeslaw.com

H. Maddox Kilgore
Georgia Bar No. 417548
Carlos J. Rodriguez
Georgia Bar No. 784163
KILGORE & RODRIGUEZ LLC
36 Ayers Avenue
Marietta, Georgia 30060
(770) 693-4638
kilgore.law@comcast.net
cjrodriguez.law@gmail.com

*Counsel for Plaintiff Juan Perez*

JUAN PEREZ'S OPPOSITION TO COBB
COUNTY'S SECOND MOTION TO DISMISS

## **CERTIFICATE OF COMPLIANCE WITH LR 5.1B**

I certify that Juan Perez's Opposition to Cobb County's Second Motion to Dismiss has been prepared in 13-point Century Schoolbook font.

Dated: March 31, 2017.        /s/ *Andre T. Tennille III*
                                                 Andre T. Tennille III
                                                 Georgia Bar No. 940510

## CERTIFICATE OF SERVICE

I certify that today I filed Juan Perez's Opposition to Cobb County's Second Motion to Dismiss through the Court's CM/ECF system, which will automatically serve all counsel of record as follows:

George M. Weaver
HOLLBERG & WEAVER LLP
2921 Piedmont Road, N.E.
Suite C
Atlanta, Georgia 30305

Deborah L. Dance
H. William Rowling, Jr.
Austin D. Roberson
COBB COUNTY ATTORNEY'S OFFICE
100 Cherokee Street
Suite 350
Marietta, Georgia 30090

Dated: March 31, 2017.

/s/ *Andre T. Tennille III*
Andre T. Tennille III
Georgia Bar No. 940510

JUAN PEREZ'S OPPOSITION TO COBB
COUNTY'S SECOND MOTION TO DISMISS