IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JUAN PEREZ, | |
| Plaintiff, | |
| v. | CIVIL ACTION FILE |
| | NO. 1:16-cv-00902-SCJ |
| COBB COUNTY, COBB COUNTY POLICE DEPARTMENT, and THOMAS BASTIS, | |
| Defendants. | |

## REPLY BRIEF IN SUPPORT OF DEFENDANT COBB COUNTY'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT

## I.  INTRODUCTION

In response to Defendant Cobb County's Motion to Dismiss, Plaintiff Juan Perez again reasserted allegations this Court previously held insufficient. His Second Amended Complaint failed to adequately plead any defective custom or policy authorized by the County. Plaintiff also apparently conceded any state law claims against the County are barred by sovereign immunity, as he offered no response to that argument. Therefore, all Plaintiff's claims against the County should be dismissed.

## II.  ARGUMENT & CITATIONS TO AUTHORITY

### A. Plaintiff has not alleged facts plausibly showing that Cobb County is responsible for a defective policy or custom making it liable under § 1983 for malicious prosecution.

Providing no factual details, Plaintiff continued to insist that the allegations regarding a County Commissioner incident referenced in his Second Amended Complaint standing alone sufficiently alleged County liability. (Doc. 27, pp. 3-4). However, this Court has held this exact allegation was insufficient without "additional factual allegations." (Doc. 19, p. 12). Moreover, Plaintiff abandoned any attempt to rely upon three prior reported cases involving the County by failing to respond with factual details and relegating their mention to a footnote.

Thus, as to his efforts to show a defective policy or custom, Plaintiff is left with only his allegation in the instant case that an unnamed supervisor signed off on Detective Bastis's allegedly falsified reports without subsequent correction; this, however, falls short of the type of tacit authorization or deliberate indifference required to establish County liability. On this point, Plaintiff merely quoted from *Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1308 (11th Cir. 2001), for the general "tacitly authorize[d]" or "deliberate indifference" language without providing any authority to support his scant analysis. In fact, a closer look at *Griffin* shows that case was replete with facts showing policymakers therein had extensive knowledge of the specific misconduct alleged, and such notice was crucial to the Court's finding

of municipal liability based on tacit authorization or deliberate indifference. *Id.* at 1308-12. As argued in the County's initial brief, Plaintiff neither alleged Detective Bastis or the unnamed supervisor were County policymakers, as required to establish Plaintiff's theory of County liability (*Matthews v. Columbia Cty.*, 294 F.3d 1294, 1297-98 (11th Cir. 2002)),  nor that any supervisor or other County employee or official knew of Detective Bastis's alleged misconduct (*Rizzo v. Goode*, 423 U.S. 362, 373-77 (1976); *Griffin*, 261 F.3d at 1308-12; *Owens v. City of Atlanta*, 780 F.2d 1564, 1567 (11th Cir. 1986)).

Plaintiff's rank speculation and conclusions are insufficient to allege either a policy or custom to satisfy *Twombly* and *Iqbal*'s plausibility pleading standards. Therefore, the County cannot be held liable under § 1983 for the alleged actions of Detective Bastis, and Plaintiff's claims against Cobb County should be dismissed.

### B. Plaintiff's state law claims are barred by sovereign immunity.

Plaintiff also apparently conceded any state law claims against the County are barred by sovereign immunity, as he offered no response to that argument.

### III.    CONCLUSION

For all reasons presented by Defendants, the Court should grant the County's motion to dismiss all claims against it.[1]

---

[1] This document has been prepared in Times New Roman (14 pt.) font, which has been approved by the Local Rules of this Court.

Respectfully Submitted,

s/ George M. Weaver

George M. Weaver                    743150

HOLLBERG & WEAVER, LLP
2921 Piedmont Road, N.E., Suite C
Atlanta, Georgia 30305
(404) 760-1116
gweaver@hw-law.com

s/ Austin D. Roberson

Austin D. Roberson                  850334
H. William Rowling, Jr.             617225
Deborah L. Dance                    203765

Cobb County Attorney's Office
100 Cherokee Street, Suite 350
Marietta, Georgia 30090
(770) 528-4000
austin.roberson@cobbcounty.org
browling@cobbcounty.org
ddance@cobbcounty.org

Attorneys for Defendants Cobb County, Georgia, Cobb County Police Department, and Tom Bastis

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JUAN PEREZ,

    Plaintiff,

    v.

COBB COUNTY, COBB COUNTY
POLICE DEPARTMENT, and
THOMAS BASTIS,

    Defendants.

CIVIL ACTION FILE

NO. 1:16-cv-00902-SCJ

## CERTIFICATE OF SERVICE

I hereby certify that I have this day electronically filed the foregoing REPLY
BRIEF IN SUPPORT OF DEFENDANT COBB COUNTY'S MOTION TO
DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT with the Clerk of
Court using the CM/ECF system which will automatically send email notification of
such filing to the following attorneys of record:

> Kenneth B. Hodges III, Esq.
> Andre T. Tennille III, Esq.
> KEN HODGES LAW LLC
> 2719 Buford Highway, N.E.
> Atlanta, Georgia 30324

H. Maddox Kilgore, Esq.
Carlos J. Rodriguez, Esq.
KILGORE & RODRIGUEZ LLC
36 Ayers Avenue
Marietta, Georgia 30060

This 13th day of April, 2017.


                                         s/ Austin D. Roberson
                                         Austin D. Roberson                 850334
Cobb County Attorney's Office
100 Cherokee Street, Suite 350
Marietta, Georgia 30090
(770) 528-4000
austin.roberson@cobbcounty.org
browling@cobbcounty.org
ddance@cobbcounty.org                    Attorney for Defendants Cobb County,
                                         Georgia, Cobb County Police Department,
                                         and Tom Bastis