UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JUAN PEREZ,<br><br>    Plaintiff,<br><br>v.<br><br>THOMAS BASTIS, in his individual and official capacities,<br><br>    Defendants. | Civil Action No. 1:16-cv-00902-SCJ |

## JUAN PEREZ'S BRIEF IN OPPOSITION TO THOMAS BASTIS'S SUMMARY-JUDGMENT MOTION

| | |
|---|---|
| H. Maddox Kilgore<br>Carlos J. Rodriguez<br>KILGORE & RODRIGUEZ LLC<br>36 Ayers Avenue<br>Marietta, Georgia 30060<br>(770) 693-4638 | Kenneth B. Hodges III<br>Andre T. Tennille III<br>KEN HODGES LAW LLC<br>2719 Buford Highway, N.E.<br>Atlanta, Georgia 30324<br>(404) 692-0488<br><br>*Counsel for Juan Perez* |

# Table of Contents

Table of Contents ................................................................................... ii

Introduction ........................................................................................... 1

Facts ....................................................................................................... 1

Argument ............................................................................................... 1

    I.   Genuine disputes of fact preclude summary judgment on Mr. Perez's malicious-prosecution claim because Detective Bastis fabricated evidence to prosecute him. ........................................ 2

    II.  Qualified immunity does not apply because it is clearly established that falsifying evidence to have someone prosecuted violates federal law. ........................................................................ 3

    III. Official immunity does not apply, and even if it were to apply, disputes of fact exist about whether Bastis acted "without willfulness, malice, or corruption.". ................................................. 5

Conclusion ............................................................................................. 6

## Introduction

Summary judgment is improper here. Detective Thomas Bastis makes a slew of arguments in his motion. But it really presents just three issues: First, does a genuine dispute of fact exist? Yes, the record is brimming with them. Bastis had Juan Perez prosecuted and jailed for 27 days by fabricating evidence and lying to a judge. He did so even after a medical exam, several psychological exams, and another detective found no evidence supporting the charge. Second, is Bastis entitled to qualified immunity? No, because he violated Mr. Perez's clearly established constitutional rights. And third, is Bastis entitled to official immunity? No, because he acted with—not without—willfulness, malice, and corruption. So the Court should deny the motion.

## Facts

Mr. Perez incorporates his response to Bastis's statement of material facts and his statement of additional material facts.

## Argument

The fundamental issue here is whether a fact dispute exists. There are several. In deciding this issue, the Court "must accept [Mr.

JUAN PEREZ'S OPPOSITION TO THOMAS
BASTIS'S SUMMARY-JUDGMENT MOTION

Perez's] version of the facts as true." *Kingsland v. City of Miami*, 382 F.3d 1220, 1227 (11th Cir. 2004). *See also Mize v. Jefferson City Bd. of Educ.*, 93 F.3d 739, 742 (11th Cir. 1996) ("It is not the court's role to weigh conflicting evidence … ; [Mr. Perez's] evidence is to be accepted for purposes of summary judgment."). For immunity, the Court is also "obliged to review the facts in the light most favorable to [Mr. Perez]." *Skop v. City of Atlanta*, 485 F.3d 1130, 1136 (11th Cir. 2007). Under that standard, summary judgment is improper.

I. **Genuine disputes of fact preclude summary judgment on Mr. Perez's malicious-prosecution claim because Bastis fabricated evidence to prosecute him.**

Mr. Perez has a claim for malicious prosecution. The record shows (1) that Bastis, acting under color of law, prosecuted him for a crime, (2) that he acted with malice and without probable cause, (3) that the charges were dismissed, and (4) that he suffered damages. *See, e.g., Grider v. City of Auburn, Ala.*, 618 F.3d 1240, 1256 (11th Cir. 2010) (citation omitted). Those facts also establish a Fourth Amendment violation. *See id.* at 1258.

Eleventh Circuit decisions validate Mr. Perez's claim. Take *Grider*, for instance. In that case, the Eleventh Circuit unanimously affirmed the trial court's denial of the police officer's summary-judgment motions. Like Detective Bastis, the officer there fabricated a charge against the plaintiff, lacked probable cause, and acted maliciously. That precluded summary judgment. As the Eleventh Circuit explained, this type of § 1983 malicious-prosecution claim is "well established." *Id.*

Bastis's cases don't change that. For example, *Marx v. Gumbinner*, 905 F.2d 1503 (11th Cir. 1990) is distinguishable because there a polygraph test helped establish probable cause. But there was no polygraph here. And unlike in *Rankin v. Evans*, 133 F.3d 1425, 1437–38 (11th Cir. 1998), a medical exam revealed no abuse here. In fact, GP continually denied that her father abused her—even when pressed by a psychologist. At bottom, if Bastis hadn't lied to the judge, he never would have found probable cause.

II. **Qualified immunity does not apply because it is clearly established that falsifying evidence to have someone prosecuted violates federal law.**

Qualified immunity does not apply because Bastis fabricated evidence to and lied to a judge to get an arrest warrant. *Kelly v. Curtis*,

— 3 —

21 F.3d 1544, 1554–55 (11th Cir. 1994) provides an example. A false affidavit precluded qualified immunity there. Bastis's actions preclude qualified immunity here. He told a judge that GP had consistently disclosed sexual abuse. But the record shows—and the prosecutor assigned to the case admits—that GP continually denied being abused. A medical exam revealed no abuse. A seasoned detective concluded that the case was, as Bastis put it, "unfounded." And a grand jury—a crowd notorious for finding probable cause to indict sandwiches—refused to indict Mr. Perez.

*Carter v. Gore* confirms that qualified immunity does not apply. *See* 557 F. App'x 904 (11th Cir. 2014). Even if a judge issued the warrant, the Eleventh Circuit explained, Bastis "may be liable" because "'a reasonably well-trained officer … would have known that his [false testimony] failed to establish probable cause and that he should not have applied for the warrant.'" *Id.* at 908 (quoting Malley v. Briggs, 475 U.S. 335, 345 (1986)).

If that weren't enough, case law from courts across the country confirms that Bastis has no qualified immunity. *See, e.g.*, *Malley*, 475 U.S. at 346 n.9 ("The officer … cannot excuse his own default by pointing to the greater incompetence of the magistrate."); *Graham v. Gagon*,

— 4 —

831 F.3d 176, 183 (4th Cir. 2016) ("[A]n arresting officer is not automatically immunized from suit merely because the officer successfully requested an arrest warrant first."); *Golino v. City of New Haven*, 950 F.2d 864, 871 (2d Cir. 1991) ("Where an officer knows, or has reason to know, that he has materially misled a magistrate on the basis for finding probable cause, … the shield of qualified immunity is lost"). Letting Bastis escape liability would expand qualified immunity at the people's expense.

### III. Official immunity does not apply, and even if it were to apply, disputes of fact exist about whether Bastis acted "without willfulness, malice, or corruption."

Official immunity does not apply because it applies only to "discretionary" actions done "without willfulness, malice, or corruption." *City of Atlanta v. Shavers*, 326 Ga. App. 95, 98 (2014) (citation omitted), *overruled on other grounds by Rivera v. Washington*, 298 Ga. 770 (2016). Mr. Perez concedes that Bastis's actions were discretionary. But they were done with—not without—willfulness, malice, and corruption. Bastis falsified a report, suppressed evidence of GP's continual denials, and lied to a judge. At a minimum, there are genuine disputes of fact about

whether he acted "without willfulness, malice, or corruption." That precludes summary judgment premised on official immunity. *See also Rodriguez v. Kraus*, 275 Ga. App. 118, 121–22 (2005) (reversing summary judgment for city because officers' diligence is a jury issue).

## Conclusion

For those reasons, the Court should deny the motion.

Dated: April 11, 2018                    Respectfully submitted,

/s/ *Andre T. Tennille III*
Kenneth B. Hodges III
Georgia Bar No. 359155
Andre T. Tennille III
Georgia Bar No. 940510
KEN HODGES LAW
2719 Buford Highway, N.E.
Atlanta, Georgia 30324
(404) 692-0488
ken@kenhodgeslaw.com
dre@kenhodgeslaw.com

H. Maddox Kilgore
Georgia Bar No. 417548
Carlos J. Rodriguez
Georgia Bar No. 784163
KILGORE & RODRIGUEZ LLC
36 Ayers Avenue
Marietta, Georgia 30060
(770) 693-4638
kilgore.law@comcast.net
cjrodriguez.law@gmail.com

*Counsel for Juan Perez*

JUAN PEREZ'S OPPOSITION TO THOMAS
BASTIS'S SUMMARY-JUDGMENT MOTION

## CERTIFICATE OF COMPLIANCE WITH LR 5.1B

I certify that Plaintiff's Opposition to Thomas Bastis's Summary-Judgment Motion has been prepared in 13-point Century Schoolbook font.

Dated: April 11, 2018  /s/ *Andre T. Tennille III*
Andre T. Tennille III
Georgia Bar No. 940510

## CERTIFICATE OF SERVICE

Today, I electronically filed Juan Perez's Opposition to Thomas Bastis's Summary-Judgment Motion with the Clerk of Court using the CM/ECF system, which automatically serves all counsel of record.

Dated: April 11, 2018            /s/ *Andre T. Tennille III*
                                 Andre T. Tennille III
                                 Georgia Bar No. 940510