UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JUAN PEREZ,<br><br>    Plaintiff,<br><br>v.<br><br>THOMAS BASTIS, in his individual and official capacities,<br><br>    Defendants. | Civil Action No. 1:16-cv-00902-SCJ |

## JUAN PEREZ'S RESPONSE TO THOMAS BASTIS'S STATEMENT OF MATERIAL FACTS

Under Local Rule 56.1(B)(2)(a), Juan Perez responds to Thomas Bastis's statement of material facts:

1.  Mr. Perez admits the statements in paragraph 1.

2.  Mr. Perez admits the statements in paragraph 2.

3.  Under Local Rule 56.1(B)(2)(a)(ii)–(iii), Mr. Perez objects to the statements in paragraph 3 because they are immaterial and inadmissible. First, they have no bearing on whether Bastis maliciously prosecuted Mr. Perez, so they are immaterial and irrelevant. Second, they are inadmissible character evidence, and no exceptions to the rule forbidding character evidence apply. Third, even if those statements

were relevant, the danger of unfair prejudice and confusion of the issues substantially outweighs their probative value.

4. Under Local Rule 56.1(B)(2)(a)(ii)–(iii), Mr. Perez objects to the statements in paragraph 4 because they are immaterial and inadmissible. First, they have no bearing on whether Bastis maliciously prosecuted Mr. Perez, so they are immaterial and irrelevant. Second, they are inadmissible character evidence, and no exceptions to the rule forbidding character evidence apply. Third, even if those statements were relevant, the danger of unfair prejudice and confusion of the issues substantially outweighs their probative value.

5. Mr. Perez admits the statements in paragraph 5.

6. Mr. Perez admits the statements in paragraph 6.

7. Mr. Perez admits the statements in paragraph 7.

8. Mr. Perez admits the statements in paragraph 8.

9. Mr. Perez admits the statements in paragraph 9.

10. Mr. Perez admits the statements in paragraph 10.

11. Mr. Perez admits the statements in paragraph 11.

12. Mr. Perez admits the statements in paragraph 12.

13. Mr. Perez objects to the statements in paragraph 13 because Bastis's description of the June 29, 2012, recorded interview violates Federal Rule of Evidence 1002.

14. Genuine disputes of fact exist about whether GP "made comments … to the effect that [Mr.] Perez inappropriately stimulated [her] genital area while bathing her." Bastis admits that, according to the Medlin evaluation, GP "denied that … her father[] touched her … private parts." Probable Cause Hr'g 23:2–13. The prosecutor assigned to the case testified that at Medlin GP "specifically den[ied] sexual abuse" multiple times. *See* Gardner Dep. 30:16–21. Detective Carol Largent testified that Amanda and Aida Perez's allegations about Mr. Perez were really about money, not sexual abuse. Probable Cause Hr'g 34:7–13.

15. Mr. Perez objects to the first sentence in paragraph 15 under Local Rule Local Rule 56.1(B)(2)(a)(iii) because it has no citation. He objects to the second sentence under Local Rule 56.1(B)(2)(a)(ii) because the statements GP is alleged to have made to Largent are hearsay. Genuine disputes of fact also exist about bathing: Bastis admits that, according to the Medlin evaluation, GP "denied that … her father[]

touched her … private parts." Probable Cause Hr'g 23:2–13. The prosecutor assigned to the case testified that at Medlin GP "specifically den[ied] sexual abuse" multiple times. *See* Gardner Dep. 30:16–21.

16. Mr. Perez objects to the statements in paragraph 16 under Local Rule 56.1(B)(2)(a)(ii) because the statements GP is alleged to have made to Dr. Asia Gifford are hearsay. He also objects under Local Rule 56.1(B)(2)(a)(iii) because there is no line 28 on page 58 of his deposition. Even if that evidence were admissible, construing the evidence in his favor, he testified that Amanda or Aida Perez made the allegation—not GP. Perez Dep. 58:13–25. Genuine disputes of fact also exist: Bastis admits that, according to the Medlin evaluation, GP "denied that … her father[] touched her … private parts." Probable Cause Hr'g 23:2–13. The prosecutor assigned to the case testified that at Medlin GP "specifically den[ied] sexual abuse" multiple times. *See* Gardner Dep. 30:16–21.

17. Mr. Perez objects to the statements in paragraph 17 under Local Rule 56.1(B)(2)(a)(ii) because the statements GP is alleged to have made to Dr. Gifford are hearsay and unfairly prejudicial. Genuine disputes of fact also exist: when asked if GP watched him urinate, he responded, "No, of course not." Perez Dep. 62:4–15.

18. Mr. Perez objects to the statements in paragraph 18 under Local Rule 56.1(B)(2)(a)(ii) because the statements GP is alleged to have made to Dr. Gifford are hearsay and unfairly prejudicial. Genuine disputes of fact also exist: he has never touched his nose to GP's private area. *See* Perez Dep. 62:18–63:10. Bastis admits that, according to the Medlin evaluation, GP "denied that … her father[] touched her … private parts." Probable Cause Hr'g 23:2–13. The prosecutor assigned to the case testified that at Medlin GP "specifically den[ied] sexual abuse" multiple times. *See* Gardner Dep. 30:16–21. Largent testified that Amanda and Aida Perez's allegations about Mr. Perez were really about money, not sexual abuse. Probable Cause Hr'g 34:7–13.

19. Mr. Perez objects to the statements in paragraph 19 under Local Rule 56.1(B)(2)(a)(ii) because the statements GP is alleged to have made to Dr. Gifford are irrelevant hearsay and are unfairly prejudicial. Genuine disputes of fact also exist: Bastis admits that, according to the Medlin evaluation, GP "denied that … her father[] touched her … private parts." Probable Cause Hr'g 23:2–13. The prosecutor assigned to the case testified that at Medlin GP "specifically den[ied] sexual abuse" multiple times. *See* Gardner Dep. 30:16–21.

20. Mr. Perez objects to the first sentence in paragraph 20 under Local Rule Local Rule 56.1(B)(2)(a)(iii) because it has no citation. He objects to the second sentence under Local Rule 56.1(B)(2)(a)(ii) because the statements GP is alleged to have made to Dr. Gifford are irrelevant hearsay and are unfairly prejudicial. Genuine disputes of fact also exist: Mr. Perez has never wrestled naked with GP. Perez Dep. 66:6–11. Bastis admits that GP "denied that anyone asked or forced her to touch their private parts." Probable Cause Hr'g 23:15–17.

21. Under Local Rule 56.1(B)(2)(a)(ii)–(iii), Mr. Perez objects to the statements in paragraph 4 because they are immaterial and inadmissible. First, they have no bearing on whether Bastis maliciously prosecuted Mr. Perez, so they are immaterial and irrelevant. Second, they are inadmissible character evidence, and no exceptions to the rule forbidding character evidence apply. Third, even if those statements were relevant, the danger of unfair prejudice and confusion of the issues substantially outweighs their probative value.

22. Mr. Perez objects to the first sentence in paragraph 22 under Local Rule Local Rule 56.1(B)(2)(a)(iii) because it has no citation. He admits that wiping GP after she uses the restroom is no indication of sexual abuse.

23. Mr. Perez admits the statements in paragraph 23.

24. Mr. Perez admits the statements in paragraph 24.

25. Mr. Perez admits the statements in paragraph 25.

26. Genuine disputes of fact exist about whether there were "new allegations" that inspired Case No. 12089190. *See, e.g.*, Gardner Dep. 30:16–21. The prosecutor assigned to the case testified that at Medlin GP "specifically den[ied] sexual abuse" multiple times. *See id.*

27. Mr. Perez admits the statements in paragraph 27.

28. Genuine disputes of fact exist about whether there was a "new case": Bastis admits that, although he got a new case number, he reopened the case based, in part, on Largent's documentation. *See* Probable Cause Hr'g 5:17–20.

29. Genuine disputes of fact exist about whether there was a "new investigation": Bastis admits that, although he got a new case number, he reopened the case based, in part, on Largent's documentation. *See* Probable Cause Hr'g 5:17–20.

30. Mr. Perez admits the statements in paragraph 30.

31. Under Local Rule 56.1(B)(2)(a)(ii)–(iii), Mr. Perez objects to the statements in paragraph 31 because they are immaterial and inadmissible. First, they have no bearing on whether Bastis maliciously

prosecuted Mr. Perez, so they are immaterial and irrelevant. Second, they are inadmissible character evidence, and no exceptions to the rule forbidding character evidence apply. Third, even if those statements were relevant, the danger of unfair prejudice and confusion of the issues substantially outweighs their probative value. Genuine disputes of fact also exist about why Mr. Perez was arrested: Bastis testified that he "took the two warrants" for sexual abuse. Probable Cause Hr'g 6:2–14.

32. Under Local Rule 56.1(B)(2)(a)(ii)–(iii), Mr. Perez objects to the statements in paragraph 32 because they are immaterial and inadmissible. First, they have no bearing on whether Bastis maliciously prosecuted Mr. Perez, so they are immaterial and irrelevant. Second, they are inadmissible character evidence, and no exceptions to the rule forbidding character evidence apply. Third, even if those statements were relevant, the danger of unfair prejudice and confusion of the issues substantially outweighs their probative value.

33. Mr. Perez admits the statements in paragraph 33.

34. Genuine disputes of fact exist about why Mr. Perez was arrested: Bastis testified that he "took the two warrants" for sexual abuse. Probable Cause Hr'g 6:2–14.

35. Mr. Perez admits the statements in paragraph 35.

36. Mr. Perez admits the statements in paragraph 36.

37. Genuine disputes of fact exist about whether Mr. Perez was legally indicted. The Cobb County Superior Court held that the initial "indictment" was "fatally defective," so Mr. Perez was never indicted. Order, *Georgia v. Perez*, No. 14-9-1981 (Cobb Cnty., Ga., Super. Ct. Sept. 2, 2014). Mr. Perez admits that the grand jury refused to indict him.

38. Under Local Rule 56.1(B)(2)(a)(ii)–(iii), Mr. Perez objects to the statements in paragraph 38 because they are immaterial and inadmissible. First, they have no bearing on whether Bastis maliciously prosecuted Mr. Perez, so they are immaterial and irrelevant. Second, they are inadmissible character evidence, and no exceptions to the rule forbidding character evidence apply. Third, even if those statements were relevant, the danger of unfair prejudice and confusion of the issues substantially outweighs their probative value.

39. Under Local Rule 56.1(B)(2)(a)(ii), Mr. Perez objects to the statements in paragraph 39 because they are inadmissible lay opinion. Genuine disputes of fact also exist about the basis for Gardner's opinion: the grand jury refused to indict Mr. Perez. No Bill, *Georgia v. Perez*,

No. 143034 (Cobb Cnty., Ga., Super. Ct. Aug. 28, 2014). It did so based solely on Bastis's testimony. *Id.*

    40.    Mr. Perez admits the statements in paragraph 40.

    41.    Under Local Rule 56.1(B)(2)(a)(ii), Mr. Perez objects to the first sentence in paragraph 41 because it has no citation, and he objects to the second sentence because it is inadmissible lay opinion. Genuine disputes of fact also exist about Bastis's beliefs: he testified that GP "consistent[ly] … disclos[ed]" that her father "licked … the inside of her butt." Probable Cause Hr'g 6:2–10. But GP's therapists were, as Largent put it, "required by law to contact [the authorities] … if the child continued to disclose in a consistent manner." *Id.* 38:5–11. GP's therapists—including Dr. Gifford—did not do so. *Id.* 48:7–49:3. Bastis admits that the statement about Mr. Perez licking GP's bottom is "not true." *Id.* 10:6–13. He admits that, according to the Medlin evaluation, GP "denied that … her father[] touched her … private parts." *Id.* 23:2–13. And he admits that she "denied that anyone asked or forced her to touch their private parts." *Id.* 23:15–17.

Dated: April 11, 2018	Respectfully submitted,

/s/ *Andre T. Tennille III*
Kenneth B. Hodges III
Georgia Bar No. 359155
Andre T. Tennille III
Georgia Bar No. 940510
KEN HODGES LAW LLC
2719 Buford Highway, N.E.
Atlanta, Georgia 30324
(404) 692-0488
ken@kenhodgeslaw.com
dre@kenhodgeslaw.com

H. Maddox Kilgore
Georgia Bar No. 417548
Carlos J. Rodriguez
Georgia Bar No. 784163
KILGORE & RODRIGUEZ LLC
36 Ayers Avenue
Marietta, Georgia 30060
(770) 693-4638
kilgore.law@comcast.net
cjrodriguez.law@gmail.com

*Counsel for Juan Perez*

JUAN PEREZ'S RESPONSE TO THOMAS
BASTIS'S STATEMENT OF MATERIAL FACTS

## CERTIFICATE OF COMPLIANCE WITH LR 5.1B

I certify that Juan Perez's Response to Thomas Bastis's Statement of Material Facts has been prepared in 13-point Century Schoolbook font.

Dated: April 11, 2018        /s/ *Andre T. Tennille III*
                             Andre T. Tennille III
                             Georgia Bar No. 940510

## CERTIFICATE OF SERVICE

Today, I electronically filed Juan Perez's Response to Thomas Bastis's Statement of Material Fact with the Clerk of Court using the CM/ECF system, which automatically serves all counsel of record.

Dated: April 11, 2018  /s/ *Andre T. Tennille III*
Andre T. Tennille III
Georgia Bar No. 940510