IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JUAN PEREZ, <br><br> Plaintiff, <br><br> v. <br><br> THOMAS BASTIS, <br><br> Defendant. | CIVIL ACTION FILE <br><br> NO. 1:16-cv-00902-SCJ |

**REPLY BRIEF IN SUPPORT OF MOTION BY
DEFENDANT BASTIS FOR SUMMARY JUDGMENT**

**I. INTRODUCTION**

This brief replies to Plaintiff Juan Perez's Brief in Opposition to Thomas Bastis' Motion for Summary Judgment. (Doc. 95). The response of Perez is without merit because the sexual abuse charges against Perez were supported by probable cause and, even if they were not, Defendant Thomas Bastis, whom Perez concedes was very experienced in child molestation investigations (Doc. 91-1 ¶¶ 5-10; Doc. 95-1 ¶¶ 5-10), is entitled to qualified immunity. Moreover, the Fourth Amendment claim of Perez also fails because there was undisputed probable cause supporting his arrest on child abandonment charges. In addition, any state law claim for malicious prosecution is barred due to Perez's inability to show the

absence of probable cause and Bastis' state law immunity.  Bastis relies principally on his primary brief supporting summary judgment.  (Doc. 91).

Perez does not even respond to the argument that his claim under 42 U.S.C. § 1983 is barred because there was undisputed probable cause to support his simultaneous arrest on child abandonment charges.  Perez thus concedes this argument.  As argued in Bastis' motion for summary judgment, the single offense principle compels the conclusion that Perez was not prosecuted without probable cause because he was arrested and charged for child abandonment at the same time that he was arrested for sodomy.  (Doc. 91 at 21-25; Doc. 91-2 (Bastis Decl.) ¶¶ 23-25, 27-28; Attachments 1-3, 5-7).  And there was indisputably probable cause for the child abandonment charge on which he was arrested.  (Doc. 91-4 (Perez Dep.) at 26:11-29:20, 41:15-19).  The concession of this argument by itself warrants summary judgment.

As discussed below, the opposition of Perez to summary judgment is infected by a fundamental fallacy.  As seen in his response to Bastis' statement of material facts, Perez objects to the use of hearsay evidence to support probable cause or, for qualified immunity purposes, arguable probable cause.  (Doc. 95-1 ¶¶ 13, 15, 16, 17, 18, 19, 20).  This assumption against the use of hearsay also underlies Perez's brief in opposition.  But what the police were told, i.e., hearsay

evidence, is almost always involved in the probable cause calculus. Such evidence is defined as non-hearsay because it is not offered "to prove the truth of the matter asserted" but to explain the officer's conduct. Fed. R. Evid. 801(c)(2).

Further, unlike Perez's arguments, there is no evidence that Bastis fabricated evidence and lied to a judge. Perez repeats this bogus contention several times. (Doc. 95, at 3-5 (ECF pagination)).

Another flaw in the opposition of Perez is his attempt to use Bastis' testimony at the probable cause hearing to show liability. (Doc. 95, at 5-7 (ECF pagination); Doc. 95-2). This maneuver defies controlling law and ignores the Court's previous ruling on this issue. Bastis addresses this error below.

## II. UNLIKE PEREZ'S CONTENTIONS, HEARSAY EVIDENCE IS ADMISSIBLE AND SUPPORTS PROBABLE CAUSE AND QUALIFIED IMMUNITY AS TO THE FOURTH AMENDMENT CLAIM UNDER 42 U.S.C. § 1983.

Perez objects to the consideration of hearsay statements by the child, G.P., and her therapist, Asia Gifford, Ph.D., regarding possible abuse by him. (Doc. 95-1 ¶¶ 13, 15, 16, 17, 18, 19, 20). Perez's position is mistaken.

In his motion for summary judgment, Bastis cited numerous statements by G.P. and Gifford to the following effect:

a. After providing therapy to G.P. for 16 months, Dr. Gifford believed that G.P. had been molested or abused by her father;

b. Perez exposed his genital organs to G.P. during visits after her parents' divorce;

c. Perez slept in the same bed with his four-year-old daughter during overnight visits;

d. Perez liked to wrestle nude with G.P. on his bed during overnight visits; and

e. Perez put his mouth in the area of G.P.'s bare bottom and genitalia during overnight visits.

(Doc. 91-2 (Bastis Decl. and Attachments) ¶¶ 17-22).

This information, which was the subject of Bastis' investigation, was more than enough to establish probable cause and certainly arguable probable cause (for qualified immunity purposes). The arrest warrant and first indictment, which was true-billed, recited charges for aggravated sodomy while the second indictment, which was no-billed, stated child molestation charges. (Doc. 91-2 ¶¶ 8, 23, 27; Attachments 1, 5, 6). It is important to keep in mind that the question is whether the information known to Bastis was sufficient to show probable cause or arguable probable cause for any criminal offense, not necessarily the ones stated in the charging documents. Devenpeck v. Alford, 543 U.S. 146, 152-54 (2004) ("the fact that the officer does not have the state of mind which is hypothecated by the reasons which provide the legal justification for the officer's action does not

invalidate the action taken so long as the circumstances, viewed objectively, justify that action") (citations omitted).

The existence of both actual probable cause and arguable probable cause turns on the information available to the officer at the time of the decision to seek an arrest or to pursue charges. As the Supreme Court ruled in <u>Devenpeck</u> with respect to an arrest, "Whether probable cause exists depends upon the reasonable conclusion to be drawn from the facts known to the arresting officer at the time of the arrest." 543 U.S. at 152.

Of course, police officers usually seek arrests and pursue criminal charges based on what other persons have said. It is rare that an officer has personally observed all of the events supporting probable cause. Second-hand information that is the basis for probable cause is not hearsay because it is not offered to prove the truth of the matter asserted. Under Fed. R. Evid. 801(c)(2), " 'Hearsay' means a statement that . . . a party offers in evidence to prove the truth of the matter asserted in the statement."

Case authority shows that hearsay is properly considered in a probable cause determination. In <u>Trujillo v. Florida Agency for Health Care Admin.</u>, 405 Fed. Appx. 461 (11th Cir. 2010), the Eleventh Circuit faced a § 1983 claim by Moraima Trujillo, M.D., that she had been prosecuted without probable cause for Medicaid

and Medicare fraud. Although the doctor had been acquitted in the criminal case, the appellate court upheld summary judgment in the civil action. The Eleventh Circuit rejected the argument that the hearsay nature of the evidence against the doctor defeated probable cause:

> Dr. Trujillo argues that the district court erred by granting summary judgment based on [investigator] Bremson's affidavit in support of summary judgment because the information contained and otherwise referenced therein was hearsay. Dr. Trujillo is mistaken. The affidavit is not hearsay; it is not offered to prove the facts stated therein but is offered to show what Bremson knew when he submitted the probable cause affidavit.

Id. at 464.

Many other cases also recognize that hearsay is properly considered in the probable cause calculation. For instance, the Second Circuit held in Tuccio v. Papstein, 307 Fed. Appx. 545 (2d Cir. 2009): "We agree with the District Court that 'the challenged paragraphs are not hearsay because defendant is not offering them for the truth of the matters asserted. The statements are instead offered to show the information [the police officer] had when he applied for the arrest warrant.' " Id. at 546 (citations omitted).

Cases from federal district courts support the same principle. *See* Johnson v. City of Warner Robins Georgia, 5:15-CV-419 (CAR), 2018 WL 1095563, at *2 (M.D. Ga. Feb. 28, 2018) ("Police officers may base assessments of probable cause on hearsay and may seek arrest warrants on the basis of hearsay. What Lieutenant

Derrick believed at the time he sought the arrest warrant is crucial to the issue of whether he had at least arguable probable cause to seek a warrant for Plaintiff's arrest. Thus, the Court will consider the statements only to the extent they are offered to show what Lieutenant Derrick thought to be probable cause to seek Plaintiff's arrest warrant."); Hodges v. Collins, 5:12-CV-202 MTT, 2013 WL 557183, at *14 (M.D. Ga. Feb. 12, 2013) ("Although the affidavit contains information taken from statements made during Collins's interviews, that information is not offered to prove the truth of those accusations. Rather, it is offered to show what Collins knew or believed to be true at the time of Hodges's arrest. Thus, they are not hearsay. Of course, an officer seeking a search or arrest warrant may rely on hearsay as the basis for his belief that probable cause exists.") (citation omitted); U. S. ex rel. Jenkins v. Bookbinder, 291 F. Supp. 87, 90 n.1 (E.D. Pa. 1968) ("Whether the statement by the unidentified man to the effect that relator got out of the stolen car was hearsay depends on the issue upon which the statement is offered into evidence. Only if it was offered to prove the truth of the matter asserted is it hearsay. . . . If it was offered on the issue of whether the police officers had probable cause to investigate the circumstances surrounding the stolen car, it is not hearsay, for the issue is not whether relator got out of the car, but

whether the statement was made and its consequent effect on the police officers' state of mind.").

Thus, Perez's objections to the consideration of hearsay statements by G.P. and Dr. Gifford are misplaced. The information known to Bastis was sufficient to show probable cause, and certainly arguable probable cause, for the arrest and prosecution of Perez. As a result, Perez's Fourth Amendment claim under § 1983 is barred by probable cause and, moreover, by Bastis' qualified immunity.

### III. PEREZ'S ATTEMPTS TO DISTINGUISH RELEVANT CASE LAW FAIL.

In his primary brief, Bastis cited several factually similar cases in which courts have held that confusing allegations of child molestation were sufficient to support probable cause and/or qualified immunity. Rankin v. Evans, 133 F.3d 1425 (11th Cir. 1998) (probable cause); Lowe v. Aldridge, 958 F.2d 1565 (11th Cir. 1992) (qualified immunity); Marx v. Gumbinner, 905 F.2d 1503 (11th Cir. 1990) (probable cause); Hopper v. Fenton, 665 Fed. Appx. 685 (10th Cir. 2016) (probable cause); Stoot v. City of Everett, 582 F.3d 910 (9th Cir. 2009) (qualified immunity); Myers v. Morris, 810 F.2d 1437 (8th Cir. 1987) (probable cause), overruled in part on other grounds, Burns v. Reed, 500 U.S. 478 (1991); Easton v. City of Boulder, Colo., 776 F.2d 1441 (10th Cir. 1985) (probable cause). (Doc. 91, at 11-19 (ECF pagination)).

Perez addresses only two of these cases but makes no serious attempt to distinguish them. He says that Marx v. Gumbinner, 905 F.2d 1503 (11th Cir. 1990), is "distinguishable because there a polygraph test helped establish probable cause." (Doc. 95 at 5 (ECF pagination)). The failure of a criminal defendant to pass a polygraph may in some cases count in favor of probable cause but it is certainly not necessary or sufficient to establish probable cause. In fact, the Eleventh Circuit indicated in Marx that probable cause already existed when Marx was taken to the sheriff's department for questioning and before his polygraph exam. Id. at 1506. In our case, Perez was apparently in Chile and not available for a polygraph exam when the arrest warrant was issued. He was arrested at the Atlanta airport when re-entering the country. (Doc. 91-2 ¶¶ 8, 23; Attachment 1; Doc. 91-4 (Perez Dep.) at 41:15-21).

In his brief discussion of Rankin v. Evans, 133 F.3d 1425 (11th Cir. 1998), Perez says that "unlike" in that case "a medical exam revealed no abuse here." (Doc. 95 at 5 (ECF pagination)). Actually, the § 1983 plaintiff in Rankin argued that the medical evidence defeated probable cause by showing that the abuse happened before the plaintiff had access to the child. The Eleventh Circuit rejected this argument, holding: "[A] reasonable jury could not have concluded that the medical evidence defeated probable cause to arrest Rankin." Id. at 1438.

Moreover, medical evidence is certainly not necessary to probable cause and allegations of the type made in the present case (licking the child's bottom) would not produce medical evidence.

Bastis will not rehash the legal authorities discussed in his original brief. Suffice it to say, case law consistently holds that accusations by a young child of sexual abuse, even if inconsistent and murky, are sufficient to support both actual probable cause and arguable probable cause (for qualified immunity purposes).

## IV.   THERE IS NO EVIDENCE THAT BASTIS FABRICATED EVIDENCE OR LIED TO A JUDGE.

Perez maintains that Bastis is not entitled to summary judgment because he fabricated evidence and lied to a judge. (Doc. 95, at 3-5 (ECF pagination)). Perez deliberately misrepresents the record. There is no evidence of fabrication or lying by Bastis, causing Perez to be arrested and prosecuted.

In his response to the motion for summary judgment, Perez seeks to base liability against Bastis, at least in part, on his testimony at the March 4, 2014 probable cause hearing. But, on Defendant's motion to dismiss the first amended complaint, this Court ruled, following Supreme Court authority, "that a malicious prosecution claim based on Detective Bastis's testimony at the probable cause and grand jury proceedings is barred by the doctrine of absolute immunity." (Doc. 19 at 19) (*citing* Rehberg v. Paulk, 566 U.S. 356, 369 (2012)).

Of course, if a police officer lies or fabricates evidence in order to secure an arrest warrant or pursue criminal charges and there is in fact no probable cause, the officer may properly be held liable under § 1983 for a Fourth Amendment violation. *See* Malley v. Briggs, 475 U.S. 335, 337 (1986). But that is not what happened here.

In order to get to his desired conclusion, Perez repeatedly misrepresents the record. He says, "GP *continually* denied that her father abused her—*even when pressed by a psychologist*." (Doc. 95 at 5 (ECF pagination)) (emphasis added). In fact, it is undisputed that Dr. Gifford told Bastis in a January 9, 2014 interview and stated in her clinical notes that, in her view, G.P., despite some inconsistent statements, had been molested in various ways by her father and the child was generally consistent in these disclosures. (Doc. 91-2 ¶¶ 17, 19-22, 26; Attachment 4, at 5-6, 10, 17-18, 20-21). Thus, the child did not "continually" deny abuse by her father.

Perez cites but grossly distorts the transcript of the March 4, 2014 probable cause hearing. Bastis testified, along with former Detective Carol Largent and Ramona Johnson of Cobb County DFCS. (Doc. 91-2 ¶ 26; Attachment 4). Bastis stated that, when he reopened the investigation 16 months after Largent had classified it as "inactive" due to insufficient evidence, he interviewed Dr. Gifford

and she reported that G.P. had told her that she sat on Perez's face and he licked her bottom. (Doc. 91-2 ¶ 26; Attachment 4, at 6, 35-36). Bastis also testified that in August 2012, before he was assigned the case, the child had changed her mind at one point about whether her father had licked her bottom. However, Bastis testified, "Dr. Gifford noted in her sessions that the child was consistent with what she disclosed to Dr. [LaRae] Williams." (Doc. 91-2 ¶ 26; Attachment 4, at 10; *see also* Doc. 91-2 ¶¶ 17, 19-22, 26; Attachment 4, at 5-6, 10, 17-18, 20-21).

Largent's testimony at the probable cause hearing was fully consistent with Bastis'. Largent testified that she inactivated the case in September 2012 "pending further information from the therapy source." (Doc. 91-2 ¶ 26; Attachment 4, at 38). Largent added that she had no concerns that the allegations against Perez were "fabricated" and that it was "not unusual . . . that alleged child molestation victims give inconsistent pieces of information over different periods of time." (Doc. 91-2 ¶ 26; Attachment 4, at 42).

This tells us what happened. Largent inactivated the case in September 2012 so that G.P. could receive therapy and her inconsistent disclosures against Perez could be clarified. During the following 16 months of therapy with Dr. Gifford, the child continued to disclose abuse by her father, leading her mother to

go back to the Cobb County Police Department and request that the investigation be restarted.

None of this history was withheld and no fabrication or falsehoods by Bastis were injected into the process. There is obviously room to disagree with the decision to seek a warrant and pursue charges, but there was no constitutional violation inasmuch as there was probable cause. Moreover, Bastis is protected by qualified immunity.

## V.  CONCLUSION

For these additional reasons, Defendant Bastis is entitled to complete summary judgment against all of Juan Perez's claims.[1]

                                               Respectfully submitted,

                                               s/George M. Weaver
                                               George M. Weaver    743150
                                               Attorney for Defendant Bastis

HOLLBERG & WEAVER, LLP
2921 Piedmont Road, N.E., Suite C
Atlanta, Georgia 30305
(404) 760-1116
gweaver@hw-law.com

---

[1] This document has been prepared in Times New Roman (14 pt.) font, which has been approved by the Local Rules of this Court.

                              <u>s/H. William Rowling, Jr.</u>
                              Deborah L. Dance          203765
                              H. William Rowling, Jr.   617225
                              Attorneys for Defendant Bastis

Cobb County Attorney's Office
100 Cherokee Street, Suite 350
Marietta, Georgia 30090
(770) 528-4000
ddance@cobbcounty.org
browling@cobbcounty.org

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JUAN PEREZ,<br><br>Plaintiff,<br><br>v.<br><br>THOMAS BASTIS,<br><br>Defendant. | CIVIL ACTION FILE<br><br>NO. 1:16-cv-00902-SCJ |

**CERTIFICATE OF SERVICE**

I hereby certify that I have this day electronically filed the foregoing REPLY BRIEF IN SUPPORT OF MOTION BY DEFENDANT BASTIS FOR SUMMARY JUDGMENT with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

        Kenneth B. Hodges III, Esq.
        Andre T. Tennille III, Esq.
        KEN HODGES LAW LLC
        2719 Buford Highway, N.E.
        Atlanta, Georgia 30324

H. Maddox Kilgore, Esq.
Carlos J. Rodriguez, Esq.
KILGORE & RODRIGUEZ LLC
36 Ayers Avenue
Marietta, Georgia 30060

This 25th day of April, 2018.

                                              s/George M. Weaver
                                              George M. Weaver     743150
                                              Attorney for Defendant Bastis

HOLLBERG & WEAVER, LLP
2921 Piedmont Road, N.E., Suite C
Atlanta, Georgia 30305
(404) 760-1116
gweaver@hw-law.com